P. H. JONES, Respondent, v. A. R. BERRY, Appellant.

St. Louis Court of Appeals, May 21, 1889.

1.  Principal and Agent: COMMISSIONS OF LATTER.  If property is
    placed in the hands of a real-estate agent for sale, and a sale is
    brought about through the exertions of the agent, he is entitled to
    his commissions, even though the negotiations are conducted, and
    the sale concluded, by the owner of the land and the purchaser.

2,  ——— : RESCISSION OF AGENCY.  While the property in such a case
    remains unsold, the owner of it, in order to rescind the agency on
    the ground of the failure of the agent to make proper efforts to sell
    it, must give notice to the agent of the rescission.

3.  Practice, Appellate.  This court will not interfere with a ver-
    dict found under proper instructions which are predicated on the
    evidence.

4.  Practice, Trial: INSTRUCTIONS.  An instruction, which is cor-
    rect as an abstract proposition of law, is properly refused, when
    there is no evidence on which to base it.

*Appeal from the Greene County Circuit Court.*—HON.
W. D. HUBBARD, Judge.

AFFIRMED.

*Kenna, Boyd & Delaney*, for the appellant.

There is no evidence to sustain the verdict.   And
the evidence clearly shows that Jones did not sell the
land.    Under a contract for commission for selling land,
the agent is not entitled to compensation unless he was
the efficient procuring cause of sale.    *McClave v.
Paine*, 41 How. Pr. 140; *Earp v. Cumming*, 54 Pa. St.
394; *Wylie v. Marine Nat. Bank*, 61 N. Y. 415; *Chandler
v. Sutton*, 5 Daly, 112; *Ward v. Fletcher*, 124 Mass.
224.    The evidence tends strongly to show an abandon-
ment of agency by Jones, and instruction marked
"refused" should have been given.    *Proudfoot v.
Wightman*, 78 Ill. 553; *Peabody v. Hoart*, 46 Ill. 242;

*McClave v. Paine*, 41 How. Pr. 140; *Earp v. Cumming*, 54 Pa. St. 394; *Wylie v. Nat. Bank*, 61 N. Y. 415; *Chandler v. Sutton*, 5 Daly, 112.

*Thrasher, White & McCammon*, for the respondent.

(1) Appellant in his brief argues that the court erred in giving declarations of law asked by the plaintiff; but he does not assign that action of the court as error, and this court will not examine that question.     Rule 18 of St. Louis Court of Appeals; *Wheeler v. Met. Manufacturing Co.*, 23 Mo. App. 190; *Hill v. Morris*, 21 Mo. App. 260; *Moise v. Colcher et al.*, 18 Mo. App. 693; *Foster v. Trimble*, 18 Mo. App. 394; *Goodson v. Railroad*, 23 Mo. App. 81.     The declarations of law given at the request of plaintiff, however, are amply sustained by the authorities.     *Bell v. Kaiser*, 50 Mo. 150; *Tyler v. Parr*, 52 Mo. 249; *Love v. Owens*, 31 Mo. App. 510; *Duclos v. Cunningham*, 102 N. Y. 678; *Timberman v. Craddock*, 70 Mo. 641; *Goffe v. Gibson*, 18 Mo. App. 2; *Gaty v. Sack*, 19 Mo. App. 470.     The third assignment of error by appellant is the action of the court in refusing proper instructions asked by defendant.     There is no evidence on which to base the one declaration refused, and the action of the court in refusing it was proper, even if that declaration asserted a correct principle of law.     *Railroad v. Farrel*, 76 Mo. 189; *State v. Miller*, 67 Mo. 607; *State v. Little*, 67 Mo. 626; *State v. Chambers*, 87 Mo. 409.     (2) The declarations given by the court fully covered the whole case, and since the case was tried by the court as a jury there was no necessity for the declaration refused by the court.     *Bell v. Kaiser*, 50 Mo. 150; *Meyers v. Railroad*, 59 Mo. 231, 232; *Karle v. Railroad*, 55 Mo. 482; *Carlisle v. Pack. Co.*, 82 Mo. 43.     The court, under the above declaration, found for the plaintiff, and the facts so found are incontrovertible in this court.     *Fox v. Young*, 22 Mo. App. 387; *Hurlbut v. Jenkins*, 22 Mo. App. 575; *State v.*

*Zorn*, 71 Mo. 416; *Hamilton v. Boggess*, 63 Mo. 251; *Beck v. Pollard*, 55 Mo. 28; *Gaines v. Fender*, 82 Mo. 509; *Doering v. Saum et al.*, 56 Mo. 481; *O'Conner v. Standard Theater Co.*, 17 Mo. App. 678; *State v. Baber*, 74 Mo. 296; *Anderson v. Griffith*, 86 Mo. 550; *Schweitzer v. City of Liberty*, 82 Mo. 309; *Meyer v. McCabe*, 73 Mo. 240; *Gimbel v. Pignero et al.*, 62 Mo. 242; *Rea v. Ferguson*, 72 Mo. 226; *Chapman v. McIlwrath*, 77 Mo. 43.

BIGGS, J., delivered the opinion of the court.

The plaintiff alleges that the defendant entered into a contract with him, by which it was agreed that if he would procure a purchaser for a tract of land belonging to the defendant, he should receive, as compensation therefor, all in excess of twenty-seven hundred and fifty dollars, that the purchaser would agree to pay; that the plaintiff procured a purchaser, and through his exertions the land was sold for three thousand dollars, which defendant received. The petition then avers a refusal to pay plaintiff the amount due him, to-wit, two hundred and fifty dollars. The answer was a general denial.

A jury was waived and a trial had before the court, and the plaintiff obtained a judgment for two hundred and fifty dollars. The defendant has brought the case here for review, and urges several reasons against the validity of the judgment.

The principal complaint made by defendant grows out of the instructions. The testimony of the plaintiff tended to show that the defendant placed the property in the plaintiff's hands for sale, and agreed to give him, as commissions, all that he could sell the property for in excess of twenty-seven hundred and fifty dollars; that this contract was made in June, 1885, and that the plaintiff immediately opened negotiations with one Henry Potter for the sale of the land, and offered it to Potter for three thousand dollars; that the negotiations

continued between the plaintiff and the defendant on the one side and Potter on the other, until the spring of 1886, when the land was finally sold to Potter for three thousand dollars; that the defendant received the money and refused to pay plaintiff his commissions.

The defendant admitted the contract, but introduced evidence tending to show that the land was not sold by the plaintiff; that the defendant suggested to the plaintiff Henry Potter as a probable purchaser, and, in the summer of 1885, told the plaintiff that if he would sell the land to Potter, he would give the plaintiff, as commissions for his trouble, all in excess of twenty-seven hundred and fifty dollars; that the plaintiff did endeavor to make the sale to Potter, but failed, and that the defendant afterwards effected the sale himself, and that this was accomplished without any help or suggestions from plaintiff.

The plaintiff denied that the defendant suggested to him that Potter might buy the land, and he denied that the sale was finally consummated without any effort on his part, but claimed that the defendant was responsible for the delay in closing the trade.

The court gave the following instructions for the plaintiff:

"2. If the court sitting as a jury find from the evidence that plaintiff and defendant agreed that if plaintiff should find a purchaser for defendant's farm, the defendant would pay plaintiff, as commissions, all that plaintiff should get for said farm in excess of twenty-seven hundred and fifty dollars; that plaintiff afterwards went to see Potter, and at different times talked with Potter about Potter buying the farm; that Potter agreed to the price, three thousand dollars, and through plaintiff submitted a proposition to defendant to take stock in part pay therefor, which proposition was finally accepted by defendant, then the judgment should be for the plaintiff for two hundred and fifty dollars.

"3. Plaintiff's right to recover is not affected by the delay of Potter and defendant in closing the sale after an agreement had been reached as to the price of the farm, and the terms of the sale, whether such delay was because of the defendant giving further time to Potter in which to consummate the purchase, or because of uncertainty in the defendant's title to said farm ; and, if from the evidence, the court finds that defendant, after the price and terms of sale had been agreed upon, gave Potter time to close said sale, or to satisfy himself as to the title, and that finally this sale was made in accordance with the original terms submitted, and agreed to by Potter, and by defendant, through plaintiff, then the plaintiff is entitled to recover the amount asked for in his petition."

The court on defendant's motion gave the following instructions :

"1. The burden of proof is on the plaintiff to establish :

"*First*. The employment for the purpose, and on the terms mentioned in the petition, and

"*Second*. That plaintiff was the efficient and procuring cause of the sale by defendant to Henry Potter.

"2. If the court, sitting as a jury, believe from the evidence that the defendant, in consideration of the plaintiff's agreement to procure a purchaser for defendant's land, agreed to pay him all money received in excess of twenty-seven hundred and fifty dollars, then to entitle plaintiff to recover herein, the court sitting as a jury must also believe from the evidence that the plaintiff's acts must have been the efficient procuring cause of the sale.

"3. If the court, sitting as a jury, believe from the evidence that the defendant suggested Mr. Potter as a probable purchaser of the land and told plaintiff that if he ( plaintiff) would sell the property to Potter, he (defendant) would give plaintiff all in excess of

twenty-seven hundred and fifty dollars as commissions, these facts do not prevent defendant from making a sale direct to said Potter, and unless the plaintiff actually made the sale to Potter or was the efficient and procuring cause of said Potter buying from defendant, plaintiff cannot recover.

"4. Although the court, sitting as a jury, believe from the evidence that defendant in June, 1885, contracted and agreed with plaintiff, as in plaintiff's petition alleged, and that no time was fixed as to when the agency should terminate, yet the court declares the law to be that such employment is in law, only for a reasonable time, and what is a reasonable, time depends on the intention of the parties as gathered from all the facts and circumstances in the case, and if, within a reasonable time, as herein defined, plaintiff failed to consummate the sale, and failed to induce Potter to buy, then defendant had a right to make a sale himself, without notice to plaintiff, even to a person to whom plaintiff introduced him, and if under these circumstances defendant sold in good faith, plaintiff cannot recover."

The instructions taken together properly declared the law.

It is well settled in this state, that if property is placed in the hands of a real-estate agent for sale, and a sale is brought about through the exertions of the agent, the latter is entitled to his commissions, even though the negotiations are conducted and the sale concluded by the owner of the land and the purchaser. *Bell v. Kaiser*, 50 Mo. 150; *Tyler v. Parr*, 52 Mo. 249; *Timberman v. Craddock*, 70 Mo. 638; *Goffe v. Gibson*, 18 Mo. App. 1.

There was evidence on which to predicate the instruction and the court having found the facts against defendant, we cannot, under well-established rules of appellate practice, interfere.

The defendant asked the court to instruct as follows, which the court refused:

"Although plaintiff opened negotiations between the defendant and Potter, yet, if, after fruitless negotiations, plaintiff permits several months to elapse without any efforts to consummate the sale and without any advice to defendant that he is still attempting to consummate the same, the defendant then is justified in presuming that the agency is abandoned and without notice to the plaintiff he had a right to negotiate the sale himself, and if under these circumstances, he, defendant, sold the property to Potter without any aid from plaintiff, plaintiff is not entitled to recover."

This instruction is somewhat ambiguous. If defendant presented the instruction on the theory of voluntary abandonment of the contract by plaintiff, and a failure on his part for a considerable period of time to make any effort to sell the land, then it presented an abstract proposition of law that was correct. But the difficulty with this view is, that there is no evidence of such a state of facts. Plaintiff testified that during the entire time he continued his efforts to sell the land to Potter, and in this he was substantially corroborated by Potter. It is true that defendant testified that plaintiff did not advise with him about the trade with Potter for several months prior to the sale (which plaintiff denies), but this did not prove that plaintiff was not during the time continuing his efforts to sell to Potter.

The instruction cannot be sustained on the idea that defendant, while the contract was executory, had the right to and did rescind the contract on account of plaintiff's failure to make proper efforts to sell, because if the defendant wished to avail himself of this right he could only do so, by giving plaintiff notice. *Gaty v. Sack*, 19 Mo. App. 478.

We will not undertake to discuss or pass on the specific objections made by defendant to plaintiff's instructions, as the objections are based on an alleged want of testimony authorizing the court to give them. We have read the evidence as preserved in the record,

and we are satisfied that there was substantial proof to sustain the instructions and the finding of the court. We find no error in the record, and with the concurrence of the other judges, the judgment will therefore be affirmed.