:HENDERSON & JONES, Appellants, v. C. H. MACE, Respondent.

### Kansas City Court of Appeals, January 6, 1896.

1. **Real Estate Broker:** COMMISSIONS, WHEN EARNED. When real property is placed in the hands of a broker for sale, he is entitled to his commissions if he brings about a sale by his own exertion, or introduces a purchaser, or gives his name, whereby a sale is perfected with the principal, even though the owner may vary the term from the first negotiations.

2. **Action:** QUANTUM MERUIT: CONTRACT: MEASURE OF RECOVERY. While a special contract remains executory, the plaintiff must sue on it; but when fully executed he may sue on the contract or in *indebitatus assumpsit*.

3. ———: ———: ———: ———. If a suit is on *quantum meruit* and a contract is disclosed at the trial, it does not defeat the action, but controls the amount of the recovery.

*Appeal from the Cedar Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED.

*William O. Mead* and *T. T. Loy* for appellants.

The appellants were acting as real estate agents in Cedar county, Missouri, and, as such, were employed by defendant to procure a purchaser for certain lands situated in said county, which they did; and, having brought the seller and purchaser together and a sale resulting, appellants are entitled to their commission, even though the terms of sale were varied by the principal and negotiations conducted by him. *Wetzell & Griffith v. Wagoner*, 41 Mo. App. 509; *Woods v. Stephens*, 46 Mo. 555-557; *Beauchamp v. Higgins*, 20 Mo. App. 514; *Bell v. Kaiser*, 50 Mo. 150; *Tyler v. Pane*, 52 Mo. 249; *Tim-*

*berman v. Craddock*, 70 Mo. 638; *Millan v. Porter*, 31 Mo. App. 563; *Jones v. Berry*, 37 Mo. App. 125. The judgment in this case can not stand.

*W. C. Hastin* and *Thomas L. Nelson* for respondents.

(1) In order to entitle appellants to recover, they must show affirmatively that they have complied with all the terms of the contract, and the fact that the agents did not perform their contract with the principal according to all its terms, is a good defense. *Harkness & Russell v. Briscoe*, 47 Mo. App. 197. (2) It is a well settled rule, that in order to entitle a real estate agent to his commission he must find a purchaser who is willing, ready, and able to purchase absolutely upon all the terms fixed by his principal, and a sale upon other terms, though accepted by the principal, is not an acceptance of the performance of the contract made between principal and agent. *Reiger v. Bigger*, 29 Mo. App. 421. (3) Plaintiffs proved a special contract, and on this they must rely. They are not entitled to recover on a *quantum meruit*. *Mansur v. Botts*, 80 Mo. 651. (4) Appellants are not entitled to recover in this case, unless they had produced a purchaser who was able, willing, and ready to buy said farm and pay $1,000 cash, and pay the balance in such time as they might agree upon. The burden of proof is on the plaintiff to show this fact. *Hayden v. Grillo*, 27 Mo. App. 289. (5) In this case the cash payment was the essence of the contract, and defendant has a right to rely on it as made. *Cox v. Bowling*, 54 Mo. App. 289; *Blackwell v. Adams*, 28 Mo. App. 61. (6) Appellants are not entitled to recover for the reason that they had abandoned their contract and knew that Brutsman did not have the amount of cash required upon the first pay-

ment and the amount which the appellants must get in order that they might make the sale. *Hayden v. Grillo*, *supra; Gaty v. Foster*, 18 Mo. App. 639. (7) Appellee C. H. Mace, having fixed all the terms of the sale, including the price, the amount of cash payment, and the amount on which the purchaser was to be given time, in order for appellants to recover they must show a compliance with these terms. *Millan & Abbott v. Porter*, 31 Mo. App. 563.

SMITH, P. J.—This is an action which was brought before a justice of the peace, by plaintiffs, real estate brokers, against the defendant, to recover $75 commission alleged to be due them for their services in bringing about a sale by defendant of certain real estate. The evidence disclosed by the record tends to prove that the defendant, being the owner of a tract of bottom land which he was anxious to sell for $2,000, one half to be paid in cash and the other half on time, placed the same for sale with the plaintiffs. Nothing was said at the time as to the commission that plaintiffs should receive in the event they made the sale. It does appear that sometime afterward the defendant told plaintiffs that if they would make extra exertion whereby they should effect a sale of his land, he would pay them $100. It further appears that plaintiffs offered the defendant's land for sale in various ways and induced several persons desiring to purchase land to visit the same for the purpose of examination and purchase; but that they used no greater exertion in endeavoring to effect a sale than was usual and customary in their business of buying and selling lands.

It further appears that they had effected a sale of a tract of land for one Brutzman, who, on the completion of that transaction, told the plaintiffs if they could find

him a desirable piece of bottom land which he could buy, partly on time, that he would buy it.    Sometime after this, the plaintiffs met Brutzman and stated to him that the defendant owned a piece of bottom land on Sac River, which he would sell for $2,000, one half cash and the balance on time.    The plaintiffs, after describing the land to Brutzman, offered to take him to see it, but the latter expressed a preference to go by himself, so that he could have plenty of time to thoroughly examine the same.    Immediately after the plaintiffs had this talk with Brutzman, they went to see the defendant and made known to him their conversation with Brutzman and at the same time suggested that defendant see Brutzman, which he did.    The result of this was that the defendant and Brutzman were brought together and a sale made by the former to the latter, though the terms thereof were somewhat varied as to the amount of the cash payment.    The commission claimed by the plaintiff was the usual and customary charge paid real estate brokers for the sale of real estate.

At the conclusion of the evidence, the court, at the instance of defendant, gave a peremptory instruction to the jury to find for the defendant.    This, we think, was error.    It seems clear that the plaintiffs made out a *prima facie* case, entitling them to a submission to the jury.

The case on the evidence falls within the well recognized principle, that when real property is placed in the hands of a broker for sale, he is entitled to his commission, if he brings about a sale by his exertion, or if he introduces the purchaser, or gives his name, whereby the sale is perfected by the principal, even though the owner may vary the terms from the first negotiations.    *Wetzell v. Wagoner*, 41 Mo. App. 509; *Jones v. Berry*, 37 Mo. App. 125; *Beauchamp v. Higgins*, 20 Mo. App. 514; *Millan v. Porter*, 31 Mo.

App. 563; *Woods v. Stephens*, 46 Mo. App. 555; *Tyler v. Pane*, 52 Mo. 249.

It is true there was some evidence that the defendant offered to pay the plaintiffs $100, if they would use extra exertions to accomplish a sale of his lands on the terms named by him, but there does not seem to be any evidence that the plaintiffs used more than the accustomed diligence in respect to making the sale. The plaintiffs do not base their claim for compensation on such special contract. But if the special contract had been proved, that would not bar a recovery, though the plaintiffs' suit is on an account, or *quantum meruit*.

The generally accepted doctrine is that, while a special contract remains executory, the plaintiff must sue on it. When it has been so fully executed according to its terms, and nothing remains to be done but the payment of the price, he may sue on the contract or in *indebitatus assumpsit*, and rely on the common courts. *Mansur v. Botts*, 80 Mo. 651. In *Plummer v. Trost*, 81 Mo. 425, it was said a party may sue on a *quantum meruit* and the disclosure at the trial of a specific contract will not defeat the action. But the contract, when developed on the trial, will control and limit the amount of the recovery.

It is clear that the court erred in giving the said peremptory instruction, and for that reason, the judgment must be reversed and cause remanded. All concur.