LEGRAND LAROW, Respondent, v. C. W. BOZARTH, Appellant.

Kansas City Court of Appeals, January 11, 1897.

1. **Appellate Practice:** JURY FINDING: EVIDENCE.  Where the instructions cover the case developed by the evidence, the appellate court must accept the verdict where there is evidence to sustain it.

2. **Real Estate Broker:** ABLE PURCHASER: CASH SALE.  Defendant agreed if plaintiff within a year would find a cash purchaser for his land at a given sum plaintiff should have all over said sum.  Plaintiff produced a purchaser willing and able to pay cash if he could not get credit.  But such purchaser did not make the purchase for the reason that the defendant interferred and by independent negotiations of his own sold the purchaser the property on time at an advanced price.  *Held*, plaintiff performed his contract and was entitled to recover the excess.

3. **Pleading:** PETITION: REDEMPTION.  An allegation in the petition in this case that defendant agreed to accept a certain sum in the discharge of the debt must be controlled and explained by the entire petition and such consideration makes it plain that the action was on a contract to sell the land and not to redeem it.

4. **Trial Practice:** INSTRUCTIONS: EVIDENCE.  Instructions and evidence in this case are considered and *held* to be proper.

*Appeal from the Barton Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*H. H. McCluer* and *H. C. Timmonds* for appellant.

(1)   Plaintiff's petition states a suit to redeem the land in controversy.   The proof shows no valid contract in writing; the case is within the statute of frauds; therefore the court committed reversible error in refusing defendant's peremptory instruction number 1, directing a verdict in favor of the defendant.   Nor did plaintiff ever pay, or offer to pay, the defendant the amount due him; therefore the court committed reversible error in refusing defendant's peremptory instruction number 1, directing a verdict in favor of the defendant. (2) If this court should hold, as did the circuit court, that this is not a suit to redeem land, but that it is a suit on a special contract to recover commission or compensation for selling defendant's land, then the court committed reversible error in refusing defendant's peremptory instruction number 1, directing a verdict in favor of the defendant, for the following reasons: *First,* because there is not a scintilla of evidence to take the issues to the jury; nor any evidence to support the verdict.   *Second,* because this is a suit to recover on a special contract.   In such case recovery can not be had on *quantum meruit.   Lewis v. Slack,* 27 Mo. App. 129; *Warson v. McElroy,* 33 Mo. App. 33. And there was no evidence as to the value of plaintiff's services; nor does he claim on a *quantum meruit. Third,* this being held to be a suit on a special contract, whereby defendant employed plaintiff to sell his land for a sum in excess of $2,800, the compensation

to be all received over that sum, the plaintiff can not recover without having first performed the special contract on his part. *Reiger v. Bigger*, 29 Mo. App. 421; *Black v. Adams*, 28 Mo. App. 63; *Harkness v. Briscoe*, 47 Mo. App. 202; *Gaty v. Foster*, 18 Mo. App. 643; *Dobbins v. Edmonds*, 18 Mo. App. 317; *Beauchamp v. Higgins*, 20 Mo. App. 617; *Sibald v. Iron Co.*, 83 N. Y. 378; *Wyle v. Bank*, 61 N. Y. 416. In this case there is no evidence of performance by plaintiff; but positive evidence of nonperformance.

*Cole, Burnett & Allen* and *Thurman & Wray* for respondent.

(1) This is not an action to redeem, but on the contrary an action on an agreement to find a purchaser for the land in consideration of receiving as pay for such services all that the land could be sold for over and above $2,800. (2) Even where parties enter into a contract and while the one is engaged in the performance, he is prevented from carrying out his part by any intervention on the part of the other, such intervention takes the place of full performance. *Stienberg v. Gebhardt*, 41 Mo. 520; *Park v. Kitchen*, 1 Mo. App. 357; *Pond v. Wyman*, 15 Mo. 176; *Nearns v. Harbert*, 25 Mo. 352; *Ferry Co. v. R. R.*, 73 Mo. 420; *Dobbins v. Edmonds*, 18 Mo. App. 317. (3) This sale was in law a sale by plaintiff. He was instrumental in bringing it about and was clearly entitled to the commission agreed upon, all over $2,800 the land was sold for. *Bell v. Kiser*, 50 Mo. 150; *Tyler v. Parr*, 52 Mo. 249; *Timberman v. Craddock*, 70 Mo. 638; *Stinde v. Blesch*, 42 Mo. App. 578; *Jones v. Berry*, 37 Mo. App. 125; *Brennan v. Roach*, 47 Mo. App. 290–296; *Boss v. Jacobs*, 63 Mo. App. 393; *Gelatt v. Ridge*, 117 Mo. 553. (4) The judgment is for the right party, a just

and meritorious one, and allows defendant $400 more than the contract entitled him to, if he had carried it out, which in good faith he was bound to do, and being for the right party should be affirmed. R. S., 1889, sec. 2303; *Homuth v. R. R.*, 129 Mo. 643.

ELLISON, J.—Plaintiff was the owner of a farm in Barton county and gave to defendant a deed of trust thereon to secure the payment of $2,600 money loaned. Plaintiff defaulted in payment of the money when it became due and defendant foreclosed the deed of trust, himself becoming the purchaser for a sum less than the amount of the debt. Plaintiff charges that defendant thereafter, on the fifth day of November, 1894, made a contract with him whereby he agreed that if plaintiff would find a purchaser for the farm within one year from the date of defendant's purchase at the foreclosure sale (April 9, 1894) he would pay plaintiff whatever sum over $2,800 the land sold for. Plaintiff further charges that he, in pursuance of said contract, did find and produce a purchaser who was ready, able, and willing to pay $3,600 but that defendant refused to recognize the contract, on the contrary repudiating the contract and himself selling the farm to the purchaser whom plaintiff had produced, for the sum of $4,000. The plaintiff recovered judgment for $800.

The court instructed the jury, at the request of plaintiff, that if they found that defendant made the agreement aforesaid and that "plaintiff did sell or could have sold the real estate but for the intervention of defendant, within a year from April 9, 1894," for more than $2,800 they would find for plaintiff the excess over that sum. For the defendant, the court instructed that the purchaser must have been ready, able, and willing to pay $2,800 of the purchase money

in cash, and that such purchaser must have been produced within the time limited by the agreement.

These instructions covered the case as it was developed by the evidence and we must accept the verdict made by the jury, since, in our view, there was evidence amply sufficient to sustain it.

Defendant contends that even according to the contract as claimed by plaintiff, it was not performed by him and he ought not to be allowed to recover. He contends that the purchaser produced was not a cash purchaser and that he did not agree to pay cash and that he was not willing or able to pay cash. It may be conceded that the terms stated by plaintiff to the purchaser in not requiring the purchase money to be paid in cash, were not such as would have been a compliance with the contract. But the evidence clearly shows that the purchaser could and would have paid the $3,600 in cash, rather than fail in getting the farm at that price. There was also ample evidence to show that when plaintiff first produced the purchaser to defendant, the latter told plaintiff to call on the next day; that, in the meantime, before plaintiff could see him, according to appointment, he opened negotiations with the purchaser himself by repudiating the plaintiff's right to meddle with his affairs and sold the farm to the purchaser for $4,000. When plaintiff did next see him, he repudiated plaintiff's right to sell the place, stating that if the purchaser wanted to "buy the place at his price, that he could buy it of him." In short, the testimony of defendant himself is that he had no contract with the plaintiff and that he would not recognize that plaintiff had any right in the matter whatever. So that we may say, since the verdict of the jury, that we have this state of case: Defendant

APPELLATE practice: jury finding: evidence.

REAL estate broker: able purchaser: cash sale.

agreed that if plaintiff would, within a year from the foreclosure sale, find a cash purchaser for the farm for more than $2,800, he would give plaintiff all the purchase price over that sum. That within the year plaintiff produced a purchaser, who would pay $3,600 for the farm, but to whom plaintiff had stated the terms to be partly on time. That this purchaser, in case he could not purchase the farm partly on time, was willing and able to pay cash therefor. That the purchaser did not make the purchase for cash at that price, for the reason that defendant interfered, entered into independent negotiations with the purchaser, and finally himself sold the farm to the purchaser, partly on time, at an advanced price of $4,000. In our opinion, plaintiff, in legal contemplation, performed his contract and was entitled to recover according to its terms.

It is claimed by defendant that the petition is an action to redeem the property. We do not so regard it. The allegation that defendant agreed to accept $2,800 in full discharge of the debt is controlled and explained by the entire petition taken together and when so considered it is made plain that the action is based on a contract to pay plaintiff all he could sell the land for over $2,800.

PLEADING: petition: redemption.

Many objections are made to the instructions. These objections are based on a critical analysis developed at too great length to notice in detail. It is sufficient to say that we have already stated their substance and meaning. Taken together, they clearly present to the jury the issues in the case. From them the jury must have understood, as an intelligent body, that in order to find a verdict for plaintiff, they must believe that the purchaser was produced by plaintiff within the time limited by the contract. That he was ready, able, and

TRIAL practice: instructions: evidence.

willing to pay at least $2,800 in cash and that he would have done so if defendant had not interfered.

We are furthermore of the opinion that there was no error in the ruling made on the evidence. By a course of examination of one or more witnesses, counsel had endeavored to show how unlikely it was that defendant would have made the agreement to give plaintiff all over $2,800, when a sale should be made, when his debt, interest and expenses, amounted to more than that sum. Under these circumstances, it was but responsive to what defendant had drawn out, for plaintiff to show what the crop was which defendant retained, or was to have. So of other testimony objected to. It was material to the case and had its bearing on the question whether defendant did, in fact, make a contract with plaintiff. After an examination of the whole record, we are satisfied that a fair trial and a legally conducted trial has been had and we will affirm the judgment. All concur.