## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

MARCH TERM, 1904.

*(Continued from Volume 106.)*

F. W. SMITH, Respondent, v. ANN E. TRUITT et al., Appellants.

Kansas City Court of Appeals, April 25, 1904.

1. **REAL ESTATE BROKER: Commissions: Employment of Another Broker: Instruction.** An instruction telling the jury that if the broker showed the property to the purchaser and failed to sell and thereafter the landowner fairly, honestly and in good faith made a reasonable effort to communicate with the broker for a reasonable length of time for the purpose of inducing him to make further efforts to sell to said purchaser, then the owner had a right to dispense with the broker's services without notice to him and employ another agent provided the owner did not act in bad faith with the mere purpose and device of escaping the payment of the commission, is properly refused.

2. ————: **Justices' Courts: Statement.** A statement to recover a broker's commission, filed in a justice's court and set out in the opinion was held sufficient.

Appeal from Boone Circuit Court.—*Hon. John A. Hockaday*, Judge.

AFFIRMED.

*Charles J. Walker* for appellant.

(1) Plaintiff's statement of his cause of action is insufficient. It fails to state a contract. It does not state the ownership of the property, nor inform the defendants of the basis of plaintiff's claim. Whether plaintiff seeks to recover on a contract or on a *quantum meruit*. Drug Co. v. Johnson, 80 Mo. App. 428; Redmond v. Railroad, 90 Mo. App. 68; Turner v. McCook, 77 Mo. App. 196; McCreary v. Good, 74 Mo. App. 426; Doggett v. Blanke, 70 Mo. App. 499. (2) Plaintiff's instructions were erroneous. They entirely ignore the question of abandonment, neglect or bad faith on the part of plaintiff as presented in defendant's testimony and for that reason should not have been given. Defendant's testimony strongly and conclusively shows that he openly accused the plaintiff of having "dodged" him and "gone back on him." Instructions are clearly erroneous which ignore the issues raised by the opposite party. Beauchamp v. Higgins, 20 Mo. App. 514; Cahn v. Reid, 18 Mo. App. 115; Cameron v. Hart, 57 Mo. App. 142; Jacquin v. Cable Co., 57 Mo. App. 320; Laughlin v. Gerrardi, 67 Mo. App. 327; Standfield v. Loan Association, 53 Mo. App. 595. Plaintiff's instructions also ignore the rule laid down in Ramsey v. West, 31 Mo. App. 676. (3) It is the duty of a factor or commission agent as with every other, to bring to the performance of his undertaking, reasonable skill, care and diligence. And if he fails in this and his principal suffers loss by reason thereof, then the agent is guilty of negligence for which he must answer in damages. Mechem on Agency, sec. 490; Burnett v. Hockaday,

Smith v. Truitt.

61 Mo. App. 627. (4) Defendant's instructions should have been given. They fairly submitted to the jury the issues raised on the trial and in the evidence and have been repeatedly sanctioned by former adjudications of this court. Jones v. Berry, 37 Mo. App. 131; Gaty v. Sack, 19 Mo. App. 476.

*N. T. Gentry* for respondent.

(1) The account sued on is a sufficient statement of plaintiff's cause of action; it was filed with the justice of the peace, at the time of instituting this suit. It has frequently been held that no formal pleadings are required in the justice's court. Manley v. Novelty Co., 77 S. W. 487; R. S. 1899, sec. 3852; Cunliff v. Hausman, 97 Mo. App. 467; Walker v. Guthrie, 76 S. W. 475; Lemon v. Lloyd, 46 Mo. App. 456; 4 Am. and Eng. Ency. of Law, 979; Columbia v. Dorsey, 63 Mo. App. 628; St. Louis v. Brooks, 107 Mo. 383; Jefferson City v. Opel, 67 Mo. 394; Lemp v. Pfund, 21 Mo. 114; London v. King, 22 Mo. 336; Hammett v. Trustworthy, 51 Mo. App. 284. (2) The plaintiff's instructions were correct, and very fairly submitted the issues to the jury; their substance have been approved by our courts frequently and all four of them have been recently approved by the St. Louis Court of Appeals. Cunliff v. Hausman, 97 Mo. App. 467; Veatch v. Norman, 95 Mo. App. 500; Bass v. Jacobs, 63 Mo. App. 393; Stinde v. Blesch, 42 Mo. App. 581; Wright v. Brown, 68 Mo. App. 577; Henderson v. Mace, 64 Mo. App. 396; Campbell v. Vanstone, 73 Mo. App. 87; Larow v. Bozarth, 68 Mo. App. 411; Bell v. Kaiser, 50 Mo. 150; Tyler v. Paul, 52 Mo. 249; Lincoln v. Mc Latchie, 36 Conn. 136; Beauchamp v. Higgins, 20 Mo. App. 517; Milan v. Porter, 31 Mo. App. 576; Tyler v. Parr, 52 Mo. 250; Jones v. Berry, 37 Mo. App. 130; Gelett v. Ridge, 117 Mo. 553; Lloyd v. Matthews, 51 N. Y. 124; Graves v. Baines, 78 Texas 92; Hogan v. Slade, 98 Mo. App. 50.

(4)   No error was committed in refusing the eight instructions asked by defendants.   They were all improper and were based upon an erroneous theory and were not supported by the evidence.   McCormick v. Henderson, 75 S. W. 171; Goffey v. Gibson, 18 Mo. App. 4.

BROADDUS, J.—This is a suit by plaintiff for commission for sale of real estate.   The cause originated in a justice's court where trial was had.   Appeal was taken to the circuit court where plaintiff recovered and defendants appealed here.   It is conceded that defendants employed plaintiff to sell a certain dwelling and lots in the town of Columbia, Missouri, and that he endeavored to sell the property to Dr. Cole, who finally became the purchaser.

The evidence was substantially as follows:   That in July, 1902, plaintiff was endeavoring to make a sale of the property named and showed it to several persons, among whom was said Dr. Cole; that the price at which he was authorized to sell was $4,500; that Cole intimated that he would give $4,000 for the house and lots; that plaintiff said that he was not authorized to sell it for that amount but suggested that he see one of the defendants in reference to a reduction in the price; but that he said nothing himself to defendants about reducing the price and that he was absent a day or two from Columbia, during which time the property was sold to Dr. Cole for $4,300.   Dr. Cole testified also that plaintiff showed him the property and that he asked him if $4,000 would purchase it, when plaintiff told him it would not.   He bought the property on the thirtieth of July, some few days before which time he saw plaintiff in his buggy on his way to the country, on which occasion he asked him if he could not close the trade at once, to which plaintiff had answered that as soon as he got back he would attend to the matter, or would see what he could do.   Dr. Cole did not see plain-

tiff again until he bought the property, although he made considerable effort to find him as he was in a hurry to make the purchase.

It was further shown that on account of Dr. Cole's so wishing to speedily close the trade one Schwabe, also a real estate broker, was called in by defendants and that he made the sale at the price of $4,300 and the property was conveyed to Dr. Cole. C. M. Wheeler, one of the defendants' witnesses, testified that he authorized plaintiff at the beginning to sell at the minimum price of $4,300, and in that respect disagrees with plaintiff. It clearly appears from the evidence, without stating it further in detail, that the reason defendants availed themselves of the services of another agent to effectuate the sale was the desire of Dr. Cole to hasten the transaction and the inability of both defendants and Cole to find plaintiff or to communicate with him. There was no evidence that plaintiff failed in his duty in any respect, but on the contrary it was shown that he recommended the defendants' property to Dr. Cole in preference to some of his own, which was also for sale. But it so happened, as before stated, that he was absent or engaged in making other sales at the time this transaction was consummated. The testimony was that Dr. Cole had made up his mind to buy if the price suited him; and it only remained for the parties to agree upon that point.

The defendants asked eight instructions which were refused by the court. Numbers one and eight were properly refused because they were not predicated upon the evidence. Numbers 3, 4, 5, 6, and 7 practically cover the same ground. Number seven, which is the most accurate in expression, is as follows:

"The jurors are instructed that if they find from the evidence that plaintiff showed defendants' property to Dr. J. B. Cole, and endeavored to sell the same to him, and failed to do so, and that thereafter the defendants fairly, honestly and in good faith, made a reasonable

effort to communicate with plaintiff for a reasonable length of time for the purpose of inducing plaintiff to make further effort to sell said property to said Cole, then they had a right to dispense with plaintiff's further services, without notice to him, and employ another agent to make the sale, provided the defendants did not act in bad faith, with the mere purpose and device of escaping the payment of commission.''

The gist of the instruction was the failure of plaintiff to make the sale and that defendants afterwards in good faith made the sale themselves. In Henderson v. Mace, 64 Mo. App. 393, the court in commenting on an action similar to this said: ''The case on the evidence falls within the well-recognized principle, that when real property is placed in the hands of a broker for sale, he is entitled to his commission if he brings about a sale by his exertion, or if he introduces a purchaser, or gives his name, whereby the sale is perfected by the principal, even though the owner may vary the terms from the first negotiations.'' In Tyler v. Paul, 52 Mo. 249, the court held: ''If property is put into the hands of a real estate agent to sell, he is entitled to his commission if the sale be brought about by his advertisements or exertions, or if he introduce the purchaser or disclose his name to the seller, and through such introduction or disclosure the sale is effected, even though the sale may be made by the owner.'' See also, Campbell v. Vanstone, 73 Mo. App. 87; Larow v. Bozarth, 68 Mo. App. 411; Bell v. Kaiser, 50 Mo. 150.

It may be necessary to state, that Schwabe, the agent who figured in the closing of the transaction, had nothing to do with the business and did not know that Dr. Cole had been to see the property with the view of purchasing it until he (Cole) informed him of that fact. And it seems that Schwabe had no hand in procuring a purchaser and only participated in the negotiations that resulted in the parties agreeing upon terms. We think the court was right in refusing all defendants'

instructions and that all plaintiff's instructions are in harmony with this opinion.

The defendants further contend that plaintiff's statement does not set out a cause of action. Said statement is as follows:

"Columbia, Mo., April 13th, 1903.

"Ann E. Truitt, Rella Harris (nee Truitt), Nora T. Wheeler, and Claude M. Wheeler, her husband, Dr. to Field. W. Smith to services rendered as real estate agent. Procuring purchaser for sale of real estate known as the 'Truitt home place,' being lots Nos. 1, 2, 13 and 14 in block number 2, and lot 1 in block three of Shield's eastern addition to Columbia, Boone county, Missouri; commission two and one-half per cent on selling price $4,300, $107.50." But it seems to us that it is sufficient under the rule of construction adopted by the appellate courts. Walker v. Guthrie, 76 S. W. 475; Cunliff v. Hausman, 97 Mo. App. 467; Manley v. Novelty Co., 77 S. W. 487. The reports of the State contain many cases wherein statements much less formal and specific have been held sufficient.

Cause affirmed. All concur.