EDMONIA L. CUPP, Appellant, v. W. A. McCALLIS-
TER, Administrator, Respondent.

Kansas City Court of Appeals, June 6, 1910.

1. **EVIDENCE: Peremptory Instruction.** In passing on a demurrer
to the evidence, every reasonable inference to be drawn there-
from should be considered in plaintiff's favor.

2. **PERSONAL SERVICES: Family Relations: Presumption.**
Where services are performed by a daughter in waiting upon
her mother during sickness, they will be presumed to have been
rendered gratuitously, and a promise to pay must be shown.

3. **FAMILY RELATIONS: Promise to Pay.** Such promise need
not be shown by a writing, or by direct evidence of an ex-
press agreement. It may be shown from circumstances that
there was an agreement.

Appeal from Boone Circuit Court.—*Hon. N. D. Thur-
mond,* Judge.

REVERSED AND REMANDED.

*Arthur Bruton, F. G. Harris* and *N. T. Gentry* for
appellant.

*J. L. Stephens* and *H. A. Collier* for respondents.

(1) When a parent resides in the household of a
child, and the child renders services for the parent, the
legal inference arises that such services were gratuitous,
and in natural response to the promptings of filial af-
fection and duty. Lawrence v. Bailey, 84 App. 107;
Erhart, Adm'r, v. Deitrich, 118 Mo. 431; Penter v. Rob-
erts, 51 Mo. App. 222. (2) The court did not err in
sustaining defendant's demurrer to the evidence. Cot-
ton v. Huston, 110 Mo. App. 70; Bank v. Bank, 109
Mo. App. 665; Greason v. Railroad, 112 Mo. App. 116.
Where the issue is close and uncertain the appellate
court will defer to the trial court in giving a peremp-

tory instruction.    Unless plaintiff shall support the allegations of his petition by substantial testimony, it is better that the court should give a peremptory instruction than to permit the cause to go to the jury and thereby a possible wrong perpetrated.    Bank v. Bennett, 114 Mo. App. 691; Warner v. Modern Woodmen, 119 Mo. App. 222; State v. Dewitt & Jones, 191 Mo. 51; State v. Gonean, 199 Mo. 561; Champagne v. Hamey, 189 Mo. 709; Gilpin v. Railroad, 197 Mo. 319.

ELLISON, J.—Plaintiff presented an account in the probate court of Boone county against the defendant, who is administrator of the estate of her mother. On a trial in that court she had a verdict for $750.    The administrator appealed to the circuit court, where a demurrer to the evidence in plaintiff's behalf, was sustained.

The account is for services rendered to the deceased for the last five years of her life.    In passing on a demurrer to the evidence in behalf of the plaintiff, not only must she receive the benefit of all direct substantial evidence in her favor, but every reasonable inference to be drawn therefrom should be resolved for her benefit.    [Charlton v. Ry. Co., 200 Mo. 1. c. 441; Holmes v. Ry. Co., 190 Mo. 98; Knorpp v. Wagner, 195 Mo. 1. c. 661.]

In this case plaintiff's account is for services rendered her mother, and therefore, on account of the family relation, no presumption of a promise to pay will arise from the mere performance and acceptance of the service, as it would in case of a stranger.    There must be evidence of a promise in order to rebut the presumption of a gratuity.

But such promise need not necessarily be evidenced by a writing, or have been heard by witnesses.    It may be inferred from other facts that there was an agreement.    [Penter v. Roberts, 51 Mo. App. 222; Cole v. Fitzgerald, 132 Mo. App. 1. c. 24; Sloan v. Dale, 90

Mo. App. 1. c. 90; Falls v. Jones, 107 Mo. App. 1. c. 361.]

In this case we think there was such evidence, of such character as to entitle plaintiff to the judgment of a jury. It was shown by several witnesses that deceased, who was seventy-eight years old, was in dire need of almost 'constant attention, which plaintiff rendered. It was shown that in two or three instances plaintiff, a woman of family herself, moved, in one instance to another State, and deceased sent for her to return to take care of her. It was shown that she often said that plaintiff should be paid and that she had said this in plaintiff's presence. That she said she was going to get Dr. Wallace to fix it so plaintiff would be compensated. This evidence, under the rule above stated, entitled plaintiff to have her case submitted to the jury.

On retrial it would perhaps be better to ask the witnesses acquainted with the services rendered, what such services were worth by the week, or the month, or year, and thus avoid any question about statements of conclusions as charged by defendant.

The judgment is reversed and the cause remanded. All concur.