## H. C. MAXWELL, Respondent, v. IKE ROSITZKY, Appellant.

**Kansas City Court of Appeals, December 31, 1912.**

1. **REAL ESTATE BROKER: Contract: Varying Terms: Commission.** A real estate broker listed a house for sale for $7000 cash, net to the owner; his commission to be what he could get over that sum. He found a customer and priced the house at $7500, and introduced him to the owner and his wife, the latter showing him the property. The agent, with the owner's knowledge, kept negotiating with the purchaser until finally the owner closed with him for the price fixed by the agent, but varying the terms from cash to partly cash and secured payments, the agent drawing the contract. *Held*, the agent was entitled to recover his commission.

2. ——: ——: ——: **Reserved Rights: Services.** An owner may lawfully reserve to himself the privilege of selling land he places in broker's hands; but he may not appropriate the broker's customer and accept the broker's services, without paying his commission.

Appeal from Buchanan Circuit Court.—*Hon. W. K. Amick*, Judge.

AFFIRMED.

*B. Raleigh Martin* for appellant.

The law is well settled in this State by a long line of decisions that to enable a real estate broker to recover his commission he must be the efficient and procuring cause of the sale; it is not sufficient that the acts of the broker were a part of a chain of causes which resulted in the sale, but in order to entitle the broker to recover for his services, his act or acts must have been the direct inducing or procuring cause, and the burden is upon him to show, not only that he opened negotiations with the purchaser, but that the sale was actually effected through this means, and not by the intervention of new parties upon different terms. His act

must have been the *causa causans*. Crain v. Miles, 154 Mo. App. l. c. 348; Mead v. Arnold, 131 Mo. App. 214; Real Estate Co. v. Real Estate Co., 144 Mo. App. 620; Ramsey v. West, 31 Mo. App. 676.

*Thompson, Griswold & Thompson* for respondent.

As it is admitted, the contract of principal and agent existed between respondent and appellant, for the sale of appellant's said property, the property, the appellant could not cancel or terminate the agency of respondent, except after giving reasonable notice. The law is that where a property is placed in the hands of a real estate agent for sale, and the sale is brought about, though the execution of the agent, the latter is entitled to his commission, even though negotiations are conducted and the sale concluded by the owner of the land and the purchaser. Jones v. Berry, 37 Mo. App. 125; Goffe v. Gibson, 18 Mo. App. 1; Taylor v. Parr, 52 Mo. 249; Sallee v. McMurray, 113 Mo. App. 253. And this is so even though the principal may have conducted the final transfer of the property, or may have varied the terms of the first negotiation. Wright & Orrison v. Brown, 68 Mo. App. 577. It is also well settled that the agent is entitled to his commission, if he is the procuring cause of the negotiation, which bring the parties together for the purpose of negotiation, and that the negotiations are afterwards conducted or concluded by the principal in person. Gelatt v. Ridge, 177 Mo. 553; Sallee v. McMurray, 113 Mo. App. l. c. 246.

ELLISON, J.—Plaintiff is a real estate broker and has brought this action to recover commissions he alleges to be due him for making a sale of defendant's property. The judgment was for the plaintiff.

It appears that defendant desired to dispose of his residence in St. Joseph and that he put 'it in plaintiff's

hands for sale for $7000 net to him, and that defendant should receive as his commission all over that sum he should obtain for the property. It is stated that nothing was said about the sale being for cash, but we will consider that it was to be so, in our disposition of the case.

Shortly afterwards plaintiff came upon the man who finally purchased. He priced the property to him at $7500, and introduced him to defendant. He took him to the house and introduced him to defendant's wife, the latter saying she would show him through. The sale was not consummated for near three weeks, defendant frequently asking plaintiff how he was getting on with it. At one time plaintiff told defendant that if the purchaser got ready to close with him at $7500, for him to take the money, or whatever he paid to close the sale. Defendant said he would do it. In the end defendant closed with the purchaser at $7500, subject to a deed of trust for $2300, and $500 to be paid in cash and $1800 more when abstract and deed were delivered, the balance to be paid in four years at six per cent interest, secured on the property. A written contract to this effect was drawn up by plaintiff and defendant signed it. Then it seems defendant refused further connection with plaintiff.

Though plaintiff was to sell for cash and he procured a purchaser, introduced him to defendant, the latter accepting him as having been found by plaintiff and getting the latter to write the contract, the mere fact that the sale as finally agreed upon was on different terms than cash would not prevent plaintiff's right to his commission. There was no failure to produce a purchaser suitable to defendant. There was no breaking of connection—principal and agent—between defendant and plaintiff on the ground that he did not produce a purchaser for cash. Defendant merely accepted plaintiff's services and closed the sale for the

price made by plaintiff, but on terms which he concluded would suit him. Sallee v. McMurry, 113 Mo. App. 253, 265; Jones v. Berry, 37 Mo. App. 125.

It is true that defendant in listing his property with plaintiff had a right to reserve the privilege of selling to any one himself; but he did not have the right to absorb the customer produced by plaintiff, treat him as a discovery of his own, while at the same time accepting plaintiff's services.

There is no objection to the instructions. There is no room to question the jury's understanding of the issues. The verdict was for the right party.

The judgment is affirmed. All concur.