JOHN S. SIDEBOTHAM, Respondent, v. F. A.
SPENGLER, Appellant.

St. Louis Court of Appeals, December 30, 1910.

1. **REAL ESTATE BROKERS: Right to Commissions.** If a real
estate broker, through his exertions in introducing the pur-
chaser to the owner, procures a sale of land, he is entitled to
his commission, though the final negotiations are conducted
without his knowledge by the principal directly with the pur-
chaser.

2. **APPELLATE PRACTICE: Conclusiveness of Finding by Trial
Court.** Findings of fact by the trial court are conclusive on
appeal, if supported by substantial evidence.

3. **REAL ESTATE BROKERS: Action for Commission: Suf-
ficiency of Evidence.** In an action by a real estate broker for
commission for effecting the sale of land, evidence *held* to sup-
port a finding that the broker's agency included the land in
question and that he was the procuring cause of its sale.

4. ———: **Right to Commission: Financial Ability of Purchaser.**
In a suit by a real estate broker for commission, where the
owner has refused to sell, it devolves upon plaintiff to show he
produced a purchaser ready, willing and able to buy; but
where the purchaser actually buys and pays the price, the
question of his ability to pay is concluded.

Appeal from St. Louis City Circuit Court.—*Hon. Matt
G. Reynolds*, Judge.

AFFIRMED.

*F. A. & L. A. Wind* for appellant.

(1)  (a)  Plaintiff was not the procuring cause
of the sale made October 29, 1908, and is, therefore,
not entitled to a commission thereon. Ramsey v. West,
31 Mo. App. 676; Mead v. Arnold, 131 Mo. App. 222;
Russell v. Poor, 119 S. W. 433; Doneldson v. Houck,
213 Mo. 417, 441; Gerhart v. Real Estate Co., 129 S.

W. 419. (b) The fact that defendant became acquainted with Geo. W. Funck through plaintiff does not entitle plaintiff to a commission on a sale made six months later to the Lumber Company through the Roberts without the aid, or even knowledge, of plaintiff. See first four (Sessions) cases. (2) Geo. W. Funck, whom plaintiff produced, was neither ready, able nor willing to buy the 3.723 acres sold by defendant to the Lumber Company in September, nor the 6.723 acres covered by the contract of October, 1908. Hence plaintiff is not entitled to a commission on such sales. Hayden v. Grillo, 26 Mo. App. 289; Hayden Grillo, 35 Mo. App. 647; Hayden v. Grillo, 42 Mo. App. 1. (3) The finding of the court is open to review. Purdy v. Wilson, 130 Mo. App. 150; Tipton v. Christopher, 116 S. W. 1125; Milene v. Freeman, 117 S. W. 644.

*Frank A. Thompson* for respondent.

The plaintiff under all the authorities covering real estate commissions, was entitled to a verdict and judgment. Henderson v. Mace, 64 Mo. App. 393; Tyler v. Parr, 52 Mo. 249; Campbell v. Vanstone, 73 Mo. App. 84; Timberman v. Cradock, 74 Mo. 683; Grether v. McCormick, 79 Mo. App. 325; Cunleff v. Housman, 97 Mo. App. 467; Holland v. Vinson, 124 Mo. App. 417; Stinde v. Blesch, 42 Mo. App. 578; Jones v. Berry, 37 Mo. App. 125; Brennan v. Roach, 47 Mo. App. 290; Ramsay v. West, 31 Mo. App. 676; Donaldson v. Houck, 213 Mo. 416.

NORTONI, J.—This appeal is wholly without merit. The suit is one by a real estate agent for his commission on the theory that he effected a sale of three acres of land for defendant and was the procuring cause as to the sale of an additional 3.723 acres.

The case was tried before the court without a jury and the finding and judgment were for plaintiff, from which judgment defendant prosecutes the appeal.

There is but one question presented for review and that relates to the sufficiency of the evidence to support the verdict. It appears defendant owned a tract of land near the city of St. Louis and employed plaintiff, a real esate agent, to sell the same or parcels thereof. A written authority was given plaintiff by defendant which authorized him to negotiate the sales involved here. Plaintiff procured a purchaser in the spring of the year for three acres of defendant's land in the person of one, Mr. Funck, who was preparing to go into the lumber business. The agreed price was $3000 per acre. A contract of purchase was duly entered into with Mr. Funck pertaining to this parcel of ground and plaintiff endeavored to persuade Funck to take more land, but he declined for the time being. Though Mr. Funck desired the additional ground, which he subsequently purchased directly from defendant, he did not desire at that time to invest additional means therein until his lumber business was further established. Though Funck was given possession thereof, the sale of the three acres included in the contract was not consummated immediately by passing title from defendant to him, for the reason some proceeding was required in the probate court to divest the interest of a minor. The matter continued open for about six months while defendant was engaged in perfecting the title, and in the interim plaintiff continued in his effort to persuade Mr. Funck to take the additional ground, which he subsequently purchased directly from defendant. The evidence tends to prove that during this period plaintiff, through one of his agents, Wagley, introduced Mr. Funck, the purchaser, to defendant, and the testimony of Funck is that plaintiff persisted in his efforts to sell him the

additional parcel of ground thereafter. During the summer, Mr. Funck made a business arrangement whereby he associated others with him in business, and thus obtained additional means, and plaintiff continued thereafter, as before, in urging him to buy the additional parcel of ground, but the sale was not effected until later, when defendant himself interposed without the knowledge of plaintiff. Finally, in October, defendant, having perfected the title to the three-acre tract which was included in the contract taken by plaintiff agent, conveyed it and an additional 3.723 acres to Mr. Funck at the price at which plaintiff theretofore had been authorized to sell it. Plaintiff was not apprised of the fact that defendant was negotiating directly with his customer, Mr. Funck, and did not ascertain the fact until after the sale of both parcels of ground had been consummated.

This suit is by the agent for his commissions accrued on the sale of the three acres and a further commission on the sale of the additional 3.723 acres made by defendant to his customer on the theory, as to that item, that he is entitled to recover for the reason he was the procuring cause of the sale. Defendant concedes the right of plaintiff to recover the amount of commission claimed for the sale of the three-acre tract but denies it with respect to the other. Besides this denial he interposed a counterclaim of two hundred dollars against plaintiff about which there is no controversy here.

After hearing the proof, the trial court expressed its opinion from the bench as follows:

"I am going to render judgment for the plaintiff for the full amount, and I am going to render a judgment for the defendant on the counterclaim for two hundred dollars. It is just as clear as the noonday sun that these real estate agents procured this purchaser. He was their client. This defendant never

knew anything about it. They had the lawful author-
ity delegated to them. They found the man, they made
the trade, and under the trade he went into possession
of three acres of ground. According to Mr. Funck's
testimony, they were continually after him, insisting
that he needed more ground. They were just as dili-
gent in it as men usually can be under the circumstan-
ces. The reason that they were not able to accomplish
it rapidly, as Mr. Funck says, was because he was a
little lukewarm, he didn't want to overload himself
in starting his business. When Mr. Wagley, said, 'We
will sell him some more ground,' and Mr. Spengler
shook his head, meaning, 'We won't, but I will,' that
is altogether suspicious. There isn't any doubt under
all the evidence in this case that the plaintiff is en-
titled to recover his commission and that defendant
is entitled to recover his counterclaim. You may give
me your declarations of law, Mr. Wind, and I will pass
on them, but that will be the judgment of the court
in any event. If there ever was a clean-cut case cover-
ing commissions, it seems to me this is one."

In the opinion thus expressed on the fact as found
by the court, we fully concur. No one can doubt the
general proposition that a real estate broker is entitled
to his commissions for a sale of property if the sale
is brought about through his exertions or agency in
introducing the purchaser to the landowner and he
thus becomes the procuring cause, though the final ne-
gotiations are conducted without his knowledge by the
principal directly with the purchaser. Such is the es-
tablished rule of decision and if the fact be so found,
it is conclusive on appeal if supported by substantial
evidence to that effect. [Stinde v. Blesch, 42 Mo. App.
578; Henderson & Jones v. Mace, 64 Mo. App. 393.]
The court having so found the fact, the only question
presented for review here is, as to whether or not there
is substantial evidence tending to prove plaintiff's

agency included the additional tract of 3.723 acres and that he was the procuring cause of the sale by urging it upon the purchaser and introducing him to defendant who consummated the sale within a reasonable time thereafter without plaintiff's knowledge. The proof is abundant on this score and indeed we marvel at the propriety of gainsaying it.

But it is said that at the time plaintiff effected the sale of the three-acre tract in the first instance to Mr. Funck, it appears he was not able to buy more and it devolves upon plaintiff to show that he produced a purchaser ready, able and willing to buy. No one can doubt the proposition of law suggested when the sale has been defeated by the owner, but it is entirely irrelevant here. That matter is wholly beside the case, for it appears the purchaser became able during the interim the negotiations were on and actually purchased the property involved. Having made the purchase and paid the price, the question of his ability to pay is concluded. Such is in no manner involved on the facts of the case.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.