WEISELS-GERHART REAL ESTATE COMPANY, Appellant, v. EUGENE J. EPSTEIN, Respondent.

St. Louis Court of Appeals, May 1, 1911.

1. REAL ESTATE BROKERS: Suit for Commissions: Right of Recovery: Question for Jury. In an action for a real estate broker's commission for procuring a purchaser, to whom defendant sold after terminating the broker's contract, whether the broker was entitled to a commission *held*, under the evidence, a jury question.

2. ———: ———: Sale Consummated After Termination of Agency: Right of Recovery: Question for Jury: Facts Stated. In an action for a real estate broker's commission for procuring a purchaser, to whom defendant sold, after terminating the broker's contract by giving fifteen days' notice, as provided by the contract, where it was shown that plaintiff interested the purchaser in the property before the notice was served, and informed defendant of that fact, and two or three days

Real Estate Co. v. Epstein.

after the notice was served told defendant he understood the latter had sold the property to the purchaser, and defendant replied that it was none of plaintiff's business, and it was further shown that an earnest-money receipt was executed by defendant to the purchaser a few days after plaintiff's agency was terminated, the question whether or not defendant commenced negotiating directly with the purchaser before plaintiff's agency was terminated was for the jury.

3. ———: ———: ———: Wrongful Termination of Agency. Where a real estate agent, whose contract of agency is revocable on notice, enters into negotiations for the sale of his principal's property, and acts with reasonable diligence in the matter, but the principal revokes the agency, without cause, for the purpose of making a sale directly to the agent's customer and escaping payment of the agent's commission, and thereafter makes such sale, the agent is entitled to recover his commission, although the principal did not enter into negotiations with the purchaser until after the agency was finally terminated, and although the sale was finally consummated without the agent's knowledge.

4. ———: ———: Sale by Owner on Different Terms. A real estate broker who was the procuring cause of a sale is entitled to commission, though the owner varied the terms of sale and accepted a price less than that at which the broker was authorized to sell.

5. ———: ———: Procuring Cause of Sale: Question for Jury. In an action for a real estate broker's commission for procuring a purchaser, to whom defendant sold after terminating the broker's contract, whether the broker was the procuring cause of the sale *held*, under the evidence, a jury question.

6. ———: ———: Evidence: Proof of Ability and Willingness of Purchaser: Not Necessary, When. The rule requiring a broker, suing for a commission for procuring a purchaser, to show that the purchaser was ready, able, and willing to buy on terms satisfactory to the owner applies only where the owner has refused to consummate the sale, and not where the property has been actually sold on satisfactory terms.

7. JUSTICES' COURTS: Pleading: Suing for More Than Entitled to Recover. That a complaint before a justice of the peace prays for more than plaintiff is entitled to under the terms of a contract sued on does not affect his right to recover.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge

REVERSED AND REMANDED.

*Stern & Haberman* for appellant.

On the undisputed evidence the appellant was entitled to have the cause submitted to the jury. Mercantile Trust Co. v. Lamar, 128 S. W. 20; Lipscomb v. Mastin, 125 S. W. 1177; Henderson v. Mace, 64 Mo. App. 396; Glover v. Henderson, 120 Mo. 376; Sallee v. McMurray, 113 Mo. App. 267.

*George E. Mix,* for respondent, filed argument.

NORTONI, J.—This is a suit by a real estate agent for commissions. At the conclusion of plaintiff's evidence, the court peremptorily directed a verdict for defendant, and plaintiff prosecutes the appeal.

Plaintiff is an incorporated company, engaged in the real estate business in the city of St. Louis, and defendant owned a residence numbered 5190 Raymond avenue, in the same city, which he desired to sell. Plaintiff was employed to procure a purchaser and negotiate a sale of defendant's property at the price of $12,500, if possible, and, if not, then to offer it at not less than $11,800. The contract of agency was executed by defendant in writing, and stipulated that plaintiff should have for its commission 2½ per cent on the amount at which a sale was made. It conferred upon plaintiff an exclusive agency for the sale of the property, but stipulated that the authority might be revoked by defendant on fifteen days' written notice to plaintiff. Immediately after being appointed agent for the sale of the property, plaintiff set about advertising the same and had photographs of the property made, which it kept in its real estate office and exhibited. It appears in evidence that plaintiff advertised defendant's property in a daily newspaper in St. Louis at different times for some four or five months and as well in a real estate catalogue which was issued. Indeed, plaintiff's advertisements continued to run until after its authority was revoked by defendant, but this is unimportant. About the 17th of December, the attention of one Mathes, who subse-

quently purchased from defendant, was directed to the
property by plaintiff. Having learned Mr. Mathes was
in the market for a home, plaintiff's vice-president, Mr.
Weisels, spoke to him concerning the property of defend-
ant, told him of its location, general character, etc., and
exhibited a photograph of the same to him. Mr. Mathes
said he desired to purchase a home in that portion of the
city at about $10,000 or $12,000, and Mr. Weisels re-
quested him to investigate and consider that of defend-
ant. Mr. Mathes replied that his wife would look after
the matter for him, and requested plaintiff to write her
concerning the property and submit a list of others as
well, whereupon Mr. Weisels immediately wrote Mrs.
Mathes a letter calling attention to defendant's prop-
erty, inclosed a card for admission thereto for inspec-
tion, and also called her attention to a number of other
properties plaintiff had for sale in what is known as the
"West End" of the city. Within three or four days
thereafter Mr. Weisels notified defendant over the tele-
phone that he had opened negotiations with Mathes, who
was a prospective buyer, and inquired if he had called to
inspect the property. Defendant answered he had not
up to that time. Thereafter, Mr. Weisels spoke to Mr.
Mathes over the telephone on two occasions and urged
him to inspect defendant's property, and let him know
what he thought about it. Mr. Mathes answered the
whole matter was in the hands of his wife, who was look-
ing around for a home. These several conversations
over the telephone were had about the 20th to 22d of
December, and on January 10th defendant notified
plaintiff in writing that its agency was revoked. This
notice, by the terms of the contract, was effective in
operating a revocation of plaintiff's agency fifteen days
thereafter, or about January 26th, and it appears in
proof that on February 4th an agreement for the sale of
the property was entered into by defendant directly with
Mathes, as earnest money was paid thereon that day for
which a receipt was executed. During the same month,

the sale of the property was consummated by defendant to Mathes through executing and delivering to him a warranty deed therefor. 'Defendant admitted at the trial that he sold the property to Mathes as mentioned for a consideration of $11,600, a part of which was paid in cash and the remainder secured by a deed of trust thereon. Though defendant himself made the sale to Mathes after the termination of plaintiff's agency, which was January 26th, it is entirely clear the matter of his liability to respond to plaintiff for commissions should have been referred to the jury. That plaintiff acted with reasonable diligence in advertising the property and attempting to procure a purchaser therefor is quite clear, and it appears, too, that it not only interested Mathes, the purchaser, therein and directed his attention to the property, but immediately informed defendant of this fact. It is in evidence, too, that within two or three days after defendant served notice on plaintiff on January 10th revoking the agency fifteen days thereafter, Mr. Weisels spoke to defendant over the telephone, and told him he understood defendant had sold the property to Mathes. In reply to this, it is said defendant stated that it was none of plaintiff's business. If defendant made such an answer to the question, this circumstance is one for the jury, together with the fact that an earnest money receipt was executed by defendant to Mathes on February 4th, only a few days after plaintiff's agency terminated under the notice on January 26th. Such matters are for the consideration of the jury on the question as to whether or not defendant commenced negotiating directly with Mathes before plaintiff's agency was terminated, for it appears defendant's evasive answer touching the matter was given before plaintiff's agency was finally revoked, and only two or three days after notice to that effect was served.

But it is not absolutely essential that defendant should have entered into negotiations with plaintiff's customer, Mathes, before the agency was finally termi-

nated, in order to afford a right of recovery on the part
of the agent. If the jury believed plaintiff was acting
with reasonable diligence in that behalf and defendant,
notwithstanding, revoked its agency without cause for
the purpose of making the sale to a person called to his
attention by the agent and with whom the agent was
negotiating, to escape the payment of commission, then
a right of recovery appears, for the law will not permit
the agency to be thus terminated by the principal in the
midst of negotiations, to the end of defeating the agent's
right. [Sallee v. McMurry, 113 Mo. App. 253, 88 S. W.
157; Glover v. Henderson, 120 Mo. 367, 25 S. W. 175, 41
Am. St. Rep. 695; Mechem on Agency, sec. 620; Green v.
Cole, 103 Mo. 70, 15 S. W. 317.]

It is wholly unimportant that defendant finally con-
summated the sale without the knowledge of plaintiff, if
the jury believe plaintiff interested Mathes, the pur-
chaser, in the property and directed the attention of de-
fendant to him. The Supreme Court long since, through
Judge WAGNER, said, in Tyler v. Parr, 52 Mo. 249, 250,
251: "The law is well established that in a suit by a
real estate agent for the amount of his commission it is
immaterial that the owner sold the property and con-
cluded the bargain. If, after the property is placed in
the agent's hands, the sale is brought about or procured
by his advertisement and exertions, he will be entitled
to his commissions. Or if the agent introduces the pur-
chaser, or discloses his name to the seller, and through
such introduction or disclosure negotiations are begun,
and the sale of the property is effected, the agent is en-
titled to his commissions, though the sale may be made
by the owner. [Bell v. Kaiser, 50 Mo. 150; Jones v. Adler,
34 Md. 440; Lincoln v. McClatchie, 36 Conn. 136; Durkee
v. Vermont Central Railways, 29 Vt. 127.]" Both this
court and the Kansas City Court of Appeals have fre-
quently declared precisely the same doctrine, as will ap-
pear by reference to the following authorities in point:
Stinde v. Blesch, 42 Mo. App. 578; Henderson v. Mace,

64 Mo. App. 393; Wetzell v. Wagoner, 41 Mo. Mo. App. 509; Sidebotham v. Spengler, 154 Mo. App. 11, 133 S. W. 101.

If plaintiff was the procuring cause of the sale to Mathes, it is entitled to its commission, and this is true, though the owner varied the terms of sale and accepted a price less than that at which it authorized the agent to sell. [Wetzell v. Wagoner, 41 Mo. App. 509; Henderson v. Mace, 64 Mo. App. 393; Stinde v. Blesch, 42 Mo. App. 578.] There is certainly evidence in the record tending to prove plaintiff was the procuring cause of the sale, for, in the present posture of the case, it is conceded Mathes was its customer, and that it both directed his attention to the property and the attention of defendant to him as a prospective buyer. That Mathes afterward purchased the property directly from defendant for $11,600 is conceded.

It is wholly immaterial that no proof was introduced to the effect that Mathes was ready, able, and willing to buy, in view of the fact that he subsequently bought the property on terms satisfactory to defendant. This doctrine is relevant only to those cases where the owner has refused to consummate the sale, and it devolves upon plaintiff to show full performance on his part as a predicate of his right to recover. When it appears, as here, that the property was actually sold on terms satisfactory to the owner, the matter pertaining to the readiness, willingness, and ability of the purchaser to buy is thereby concluded. [Sidebotham v. Spengler, 154 Mo. App. 11, 133 S. W. 101.]

The case originated before a justice of the peace, and it is true the complaint prays for a judgment of $312.50, the amount being $2\frac{1}{2}$ per cent on a valuation of $12,500. This is unimportant, for, in so far as the complaint counts upon the contract, it conforms precisely thereto in that the stipulation was for $2\frac{1}{2}$ per cent on the gross price at which the property should be sold. Under the proof, at most, plaintiff could recover

only 2½ per cent on the amount at which the sale was actually made by the owner—that is, $11,600—and the mere fact that it prayed for more than this in the complaint is immaterial.

The judgment should be reversed and the cause remanded. It is so ordered.

*Reynolds, P. J.,* and *Caulfield, J.,* concur.