## JOHN J. LANE, Appellant, v. P. J. CUNNINGHAM, Respondent.

**St. Louis Court of Appeals, February 4, 1913.**

1. **EVIDENCE: Inferences.** It is not necessary, in a suit at law, to prove every essential fact by direct evidence, but it is sufficient if such facts can be inferred from other circumstances and facts in evidence.

2. **REAL ESTATE BROKERS: Right to Commissions.** Where a real estate broker is the procuring cause of a sale which was made directly to his customer by the owner, he is entitled to his commission, and neither the fact that he did not communicate to his principal the name of his customer nor the fact that the property was sold for a less amount than he was authorized to sell it for, would defeat his right thereto.

3. ———: **Action for Commissions: Case for Jury.** In an action by a real estate broker for commissions in connection with the sale of a building, whether the broker was the procuring cause of the sale *held*, under the evidence, for the jury.

Appeal from St. Louis City Circuit Court.—*Hon. Charles Claflin Allen*, Judge.

REVERSED AND REMANDED.

*Leahy, Saunders & Barth* for appellant.

(1) On a demurrer to plaintiff's evidence, every reasonable intendment in favor of plaintiff, to be drawn from the evidence adduced, must be indulged in his favor. Hamman v. Coal & Coke Co., 156 Mo. 232; Fassbinder v. Railroad, 126 Mo. App. 563; Meily v. Railroad, 215 Mo. 567; Frick v. St. Louis, Kansas City & Northern Railway Co., 75 Mo. 595; Pauck v. Beef & Provision Co., 159 Mo. 467; Bensiek v. Transit Co., 125 Mo. App. 121. (2) If a real estate broker, through his exertions in introducing the purchasers to the own-

ers, procured a sale of land, he is entitled to his com-
mission, though the final negotiations are conducted
without his knowledge by the principal directly with
the purchaser., Sidebotham v. Spengler, 154 Mo. App.
11; Corum v. Arnold, 156 Mo. App. 547; Real Estate
Co. v. Epstein, 157 Mo. App. 101; Simmons v. Oreth,
140 Mo. App. 269; Morgan v. Keller, 194 Mo. 663; Lips-
comb v. Mastin, 142 Mo. App. 228; Goldsberry v.
Eads, 161 Mo. App. 8; Stevens v. Bacher, 162 Mo. App.
284; Cotton v. Meadows, 163 Mo. App. 723.

*James P. Maginn* and *Schnurmacher & Rassieur*
for respondent.

Plaintiff was properly nonsuited. While it is
true a real estate broker has earned his commission
if he is the procuring cause of the sale, though the
transaction be concluded directly between the owner
and the purchaser, and even though it be concluded
on altered terms, yet, to entitle the broker to recover,
he must show it was he who brought the parties to-
gether. Tyler v. Parr, 52 Mo. 249; Stevens v. Bacher,
162 Mo. App. 284; Real Estate Co. v. Epstein, 157
Mo. App. 106; Sidebotham v. Spengler, 154 Mo. App.
15.

NORTONI, J.—This is a suit by a real estate
broker for his commissions. At the conclusion of the
evidence on behalf of plaintiff, the court peremptorily
directed a verdict for defendant, which was given and
judgment entered thereon. From this judgment plain-
tiff prosecutes the appeal.

It appears plaintiff is a real estate broker and
maintains an office as such in the city of St. Louis.
Defendant owned a six-story building, situated at
Eighth and Lucas streets in the same city, which he
desired to sell. Plaintiff had negotiated a sale of
other property for defendant several years before and

had received his commission therefor. The evidence
tends to prove that in September, 1903, defendant au-
thorized plaintiff to sell his building at Eighth and
Lucas and agreed to pay him the usual commission
for services. The price fixed on the property at that
time was $125,000, but this was afterwards modified.
Nearly two years afterwards plaintiff learned that the
firm of Meyer-Bannerman and Company was in the
market for a building of the character of that owned
by defendant, and called upon defendant in June, 1905,
touching the matter. He did not inform defendant
as to whom he sought to sell the property, but did
inform him at that time that he had a prospective pur-
chaser for the property. Defendant said, "Well, I
am anxious to sell the property. I am asking $125,000
for it but I will take less. What you want to do is
to get me a proposition on the property." Defendant
instructed plaintiff to go ahead and get him a proposi-
tion on the property and said, "I would just as leave
pay you the commission as any one." "If you will sell
it, you can get your commission and I will pay it to
you." The following morning plaintiff called upon
Mr. Isaac Meyer, of the firm of Meyer-Bannerman and
Company, and took up the matter of the sale of de-
fendant's property to him or his company. Mr. Meyer
accompanied plaintiff to the property and through it.
It appears that plaintiff and Mr. Isaac Meyer went
to the topmost floor of defendant's building in the
elevator and passed down through the building from
floor to floor while Mr. Meyer made such an examina-
tion as he desired with respect to the same. Mr.
Meyer became interested in the property immediately
and while yet within the building said to plaintiff, "I
am going to buy this property." This occurred on
Thursday. Mr. Meyer inquired of plaintiff as to
whether or not defendant would accept some other
property in exchange and plaintiff told him that he
thought defendant wanted cash. Mr. Meyer did not

submit a proposition to plaintiff but said only, ''I am going to buy this property.'' After some discussion, plaintiff took his leave of Mr. Meyer, but did not call upon defendant nor inform him of the prospective purchaser nor of the likelihood of a sale, for the reason, as he says, that he had no definite proposition from Mr. Meyer to submit. A day or two later plaintiff learned that an architect had been through defendant's building and examined it on Friday, or the day following that on which he interested Mr. Meyer therein. On the following Monday, plaintiff called upon Mr. Meyer to further press the sale of the property, when Mr. Meyer said to him, ''John, where have you been the last couple of days?'' Plaintiff replied, ''Well, Ike, I have been quite a busy man in selling real estate, and I thought it will take some time to digest the proposition at the beginning.'' To this Mr. Meyer replied, ''John, Cunningham (defendant) has been here.'' Plaintiff asked Mr. Meyer, ''Ike, did you tell him we were through the building?'' and Mr. Meyer replied, ''Well, no, Mr. Maginn, his lawyer, came here and him and Jake (Mr. Meyer's brother, and a member of the same firm) took it up and he said he wouldn't pay a cent for a commission.'' It was further shown that defendant sold the property to plaintiff's customer, Meyer-Bannerman and Company, on Monday, the first day of July, or within four days after plaintiff first interested Mr. Isaac Meyer in the building, and on which date Mr. Meyer said to plaintiff that he was going to buy the property. The purchase price paid by Meyer-Bannerman and Company was $101,500 and the evidence reveals that two and one-half per cent is the usual and reasonable commission for a real estate agent for such sales in and about St. Louis. Plaintiff at no time disclosed to defendant that Meyer-Bannerman and Company, the purchaser, or Mr. Meyer, with whom the negotiations were had, was considering the purchase of the property;

nor did he introduce or produce to defendant in person a purchaser for the property, in the literal sense of those terms.

It is to be gleaned from the record that the court directed a verdict for defendant on the theory that plaintiff was not entitled to recover unless he had disclosed to defendant the name of the purchaser and that defendant, notwithstanding, intermeddled and consummated the sale with full knowledge of the fact that plaintiff had interested the purchaser in the property. We do not accede to this view of the law, for, obviously, a real estate broker may be the procuring cause of the sale even though he has not communicated the name of the purchaser to his principal. In a suit at law, it is not necessary to prove every fact by direct evidence, and the jury may infer substantive facts in the case from other facts and circumstances in evidence. The law is well established to the effect that ''If after the property is placed in the agent's hands, the sale is brought about or procured by his advertisement and exertions, he will be entitled to his commissions. Or, if the agent introduces the purchaser, or discloses his name to the seller, and through such introduction or disclosure negotiatons are begun, and the sale of the property is effected, the agent is entitled to his commissions though the sale may be made by the owner.'' [See Tyler v. Parr, 52 Mo. 249, 250, 251; Bell v. Kaiser, 50 Mo. 150; Stinde v. Blesch, 42 Mo. App. 578; see also Sidebotham v. Spengler, 154 Mo. App. 11, 133 S. W. 101; Weisels, etc. R. E. Co. v. Epstein, 157 Mo. App. 101, 137 S. W. 326.] All of the authorities declare, in those cases where the sale is actually made by the principal to the agent's customer, after the agent has interested the customer in the property, that the agent is nevertheless entitled to recover his commissions if he is the procuring cause of the sale, and this is true even though the sale was finally consummated by the owner to the agent's cus-

tomer and without the agent's knowledge. [See authorities supra.]  In discussing such cases and the principle pertaining thereto, the courts frequently animadvert in the opinion upon the fact, when such is the fact, that the agent had produced the purchaser or introduced him to the owner of the property, but such is not an essential element of the right of recovery.

True, many cases present facts of that character and it is therefore proper to treat with them in the opinion.  However, all that is necessary, for the agent to recover in cases of this character, is that he shall be the procuring cause of the sale, and he may be such even though the name of the purchaser was not communicated by him to his principal, the seller.

The Supreme Court affirmed this doctrine in Tyler v. Parr, 52 Mo. 249, 250, as will appear from the following excerpt from the opinion: "The law is well established, that in a suit by a real estate agent for the amount of his commission it is immaterial that the owner sold the property and concluded the bargain.  If, after the property is placed in the agent's hands, the sale is brought about or procured by his advertisement and exertions, he will be entitled to his commissions."  [See, also, Bell v. Kaiser, 50 Mo. 150.] Numerous cases in our reports go to the same effect, for they declare that if it appears the real estate agent is the procuring cause of the sale, he may recover his commissions therefor, though the sale was finally consummated by his principal, the owner of the property, and though the owner at the time had no knowledge that the agent or broker had interested the purchaser in the property.  [See Goff v. Gibson, 18 Mo. App. 1; Millan v. Porter, 31 Mo. App. 563, 576; see also Stinde v. Blesch, 42 Mo. App. 578.]

The mere fact that plaintiff had not communicated the name of Mr. Meyer, or the Meyer-Bannerman Company, the purchaser, for whom he acted, to defend-

ant is no reason why he should not recover his commissions though the sale was finally consummated by defendant directly to them, if the fact be found that plaintiff was the procuring cause of the sale. Neither does the fact that defendant sold the property at a price less than that at which he had authorized plaintiff to sell it, in and of itself, preclude plaintiff's right to recover, if it be found that plaintiff was the procuring cause of the sale finally consummated by the owner. [Stinde v. Blesch, 42 Mo. App. 578.]

When all of the facts and circumstances in evidence are considered, it is obvious the case was one for the jury, for the evidence not only shows that plaintiff interested the purchaser in the property on Thursday—so much so that he said he intended to buy the property—but it affords a strong inference as well that the purchaser and the owner got together immediately thereafter and concluded the bargain with a view of defeating plaintiff's commissions. On Thursday, in the latter part of June, plaintiff interested Mr. Isaac Meyer in the property and he said he would buy it. On Friday, it is said, an architect examined the building, and on the following Monday the sale was made by defendant to Meyer-Bannerman and Company. During the interim between Thursday and Monday, it appears that both Mr. Cunningham, defendant, and his attorney, Mr. Maginn, had been in consultation with Mr. Meyer, of Meyer-Bannerman and Company, about the sale of this property, and further that Mr. Cunningham's attorney had remarked to Mr. Meyer that no commission would be paid. This remark about a commission suggests a strong inference to the effect that defendant knew of plaintiff's negotiations with the purchaser and that he would probably insist upon a commission. It is entirely clear that the case was one for a jury. The judgment should therefore be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.