CHARLES E. COLE, Appellant, v. JOHN H. CRUMP et al., Respondents.

St. Louis Court of Appeals, May 6, 1913.

1. **REAL ESTATE BROKERS: Right to Commission.** Where the owner sells his land to the customer of a broker employed by him, it is not essential to the broker's right to recover a commission that the sale be completed within the time or at the price fixed in the contract of employment, provided the broker initiated the transaction within the time limited and the transaction thus initiated was continued by the subsequent dealings between the owner and the customer.

2. ———: ———. The mere fact that land is not conveyed to a real estate broker's customer, but to a third party, will not prevent the broker from recovering a commission, provided

Cole v. Crump.

it appears that such was the manner the parties chose to effectuate the sale initiated by the broker under his employment.

3. ———: ———: **Facts Stated.** A contract with a real estate broker stipulated that the owner would pay him a commission on the price of the land optioned to a third person, on condition that a sale was made to him. The contract and the option were executed at the same time and delivered to the broker. The option expired, and the owner thereafter gave the third person another option, and after it expired, the owner sold the property to a corporation whose entire capital stock, with the exception of four shares, was owned by the third person, at a price greater than the option price. *Held*, that, inasmuch as the employment contract did not limit the right to recover a commission to a sale under the option and within the time and on the terms specified, the broker was entitled to a commission, if the jury found that he was the procuring cause of the sale, even though the sale was not made under the first option nor at the price therein specified. *Held*, *further*, that it was a question for the jury, whether the sale to the corporation was not tantamount to a sale to the person named in the contract of employment.

4. ———: ———: **Instructions.** Where, in an action by a real estate broker for a commission, the evidence showed that the broker was employed to sell the real estate to a third person who had an option to purchase it, that, upon the expiration of the option, defendant gave the third person a second option, and, after the expiration of that option, sold the property to a corporation organized by him, and the facts justified a finding that plaintiff was the procuring cause of the sale and that the sale to the corporation was equivalent to a sale to the third person, an instruction that, before plaintiff could recover, the jury must find that the property was sold to the corporation "in pursuance of and under the renewal option," was misleading, as leading the jury to believe that it was a condition precedent to plaintiff's right to recover that the renewal option continued in force to the time of the conveyance, when, as a matter of fact, such was not a condition precedent.

5. **INSTRUCTIONS: Conflicting Instructions.** The giving of a misleading instruction constitutes reversible error, although another instruction correctly declares the law with respect to the subject-matter covered by the misleading instruction.

Appeal from Washington Circuit Court.—*Hon. E. M. Dearing*, Judge.

REVERSED AND REMANDED.

*Edw. T. Eversole* for appellant.

*S. G. Nipper* and *H. B. Irwin* for respondents.

There is no inconsistency or conflict between instructions given on behalf of appellant and respondents. And under the allegations in appellant's petition hereinbefore quoted, and the evidence, instruction No. 1 given on behalf of respondents correctly declared the law. Church v. Railroad, 119 Mo. 203; Herman v. Compton Hill Imp. Co., 58 Mo. App. 480; Baker v. Railroad, 122 Mo. 533.

NORTONI, J.—This is a suit by a real estate agent for his commissions. The finding and judgment were for defendants, and plaintiff prosecutes the appeal.

Defendants owned 120 acres of land which they desired to sell, and plaintiff was engaged in blocking parcels of mineral land together and selling it for mining purposes to those engaged in such business. It appears that defendants employed plaintiff by a written contract to sell their lands to one Gorge J. Cole, who was engaged in the mining business in St. Francois county. By the terms of the contract of employment, defendants agreed to pay plaintiff five per cent on the purchase price, which, according to an option executed concurrently therewith, was to be sixty dollars per acre. The written contract by which plaintiff was employed is as follows:

"We, the undersigned, hereby agree to pay Charles Cole the sum of five per cent of the purchase price of our land this day optioned to George J. Cole, on condition that the sale is made to the said Cole. (Signed) John Crump, Martha Crump."

On the same day and concurrently with the execution of this writing, defendants executed an option

in writing on their land to George J. Cole and delivered it to plaintiff, along with his contract of employment whereby they agreed, in consideration of one dollar, to convey the land therein described to George J. Cole, in consideration of sixty dollars per acre, at any time to suit his convenience, within sixty-five days from that date.

Plaintiff interested George J. Cole, the proposed purchaser, in the land and the evidence tends to prove that he persuaded him to purchase the same but not immediately. Before the same was consummated, the option expired and defendants executed a new one to George J. Cole, whereby they agreed to convey the lands to him any time within one year after its date for the price and on the terms thereinbefore mentioned. The time limit prescribed in the second option was permitted to expire without the sale being finally concluded, but four months after its expiration, George J. Cole purchased the land from defendants at the price of sixty-five dollars per acre.

The evidence tends to prove that the negotiations were pending from the time plaintiff interested Cole under the first option until the conveyance was finally executed by defendants to the Irondale Lead Company, which corporation, it appears, was organized by George J. Cole to take the title to such land. While the evidence is abundant, and, indeed, not denied, that plaintiff interested George J. Cole in the land, who agreed to take it, it does not appear that he personally negotiated the subsequent, that is, the extension of the original, option thereon between defendants and George J. Cole, or personally participated in closing the deal when the conveyance of land was finally made to the Irondale Lead Company. The second option, that is, the extension of the first, and the subsequent purchase of the land after its expiration, appear to have been negotiated with defendants by George J. Cole, to suit his own convenience but in furtherance

of the original option taken by plaintiff. The case seems to have been tried on the part of defendants on the theory that though plaintiff interested George J. Cole in the land and induced him to say he would take it, he is not entitled to recover commissions on account of the sale subsequently consummated, for the reason it was not made during the time the option contract existed and entailed a valid and enforcible obligation against defendants and that it was not made at the price of sixty dollars per acre as therein stipulated and directly to George J. Cole. Obviously this is an erroneous view, for though plaintiff did not personally obtain the extension of the option and though he was not actively participating when the deal was finally closed and though the final conveyance was made after the option had expired as an enforcible obligation, he is nevertheless entitled to his commissions if it appears to the satisfaction of the jury that he was the procuring cause of the sale and defendants received the benefit of his services thereabout. This is true even though defendants subsequently consummated the transaction with the purchaser under a modified agreement with him whereby the original price of sixty dollars per acre was advanced to sixty-five dollars and executed a deed to the corporation which Cole organized to receive the title to the land. [See Bell v. Kaiser, 50 Mo. 150; Tyler v. Parr, 52 Mo. 249; Weisels-Gerhart R. E. Co. v. Epstein, 157 Mo. App. 101, 137 S. W. 326; Lane v. Cunningham, 171 Mo. App. 17, 153 S. W. 525.]

Though the employment contract above copied contemplates that plaintiff should have five per cent commission on the purchase price for selling the land to George J. Cole, it does not in terms require or stipulate that such commissions are to be paid only in case the sale is made under the option taken concurrent therewith and within the period prescribed in

the written option or for the precise price mentioned therein. It is true both the option and the contract are to be considered together, but in view of the fact that the employment contract does not limit the matter to the precise time and on the terms only then provided or to be provided in the option, it is competent, too, to consider the second or extension option executed by defendants to plaintiff's customer and the fact that they conveyed the land to him after its expiration at an increased price. If plaintiff performed his part, under the original contract of employment and the option, by procuring a purchaser who subsequently took the land at a price equal to that stipulated, the mere fact that defendants extended the original option and after its expiration varied the price and sold the land to plaintiff's customer may not be regarded as conclusive against the right of recovery. No one can doubt that it was competent for defendants to grant further time, as they did, under the extended option, and as they did after its expiration without renewal of its legal obligation, and vary the price as by exacting a larger sum from the purchaser. Even then plaintiff is entitled to recover if the jury should find the fact to be that he was the procuring cause of the sale eventually made—that is, that the original transaction initiated by plaintiff was availed of by defendants and continued by them and finally consummated with his customer, George J. Cole, two years thereafter, at a price at variance with that originally contemplated. Where the sale is actually made through the act of the owner closing the deal with the customer of the real estate agent, it is not essential to the right of recovery by the agent as for commissions to show the sale was completed within the period of time prescribed in the contract of employment or an option on the property, provided it sufficiently appears that the agent initiated the transaction of purchase within the prescribed time and

may therefore be regarded as the procuring cause. [Weisels-Gerhart R. E. Co. v. Epstein, 157 Mo. App. 101, 137 S. W. 326; also see Goffe v. Gibson, 18 Mo. App. 1.] But the right of recovery in such cases, and in this one, of course, depends upon the fact that the original transaction pertaining to the contemplated sale which plaintiff (agent) initiated was continued by the subsequent dealings between the owners (defendants) and the agent's customer (George J. Cole) or some one representing him.

It should be said here, however, that plaintiff claims five per cent on sixty dollars per acre only — that is, the price stipulated in the original option — and lays no claim to a commission on the additional five dollars per acre received through defendant's own efforts. Therefore, his right to recover commissions on such additional purchase money is not involved in the case now under consideration here. It is entirely clear that the question as to whether or not plaintiff was the procuring cause of the sale was for the jury, and this is true though the sale was finally concluded after the time limit of the second option had expired and at an increased price over that first demanded.

Throughout the trial, considerable stress was laid upon the fact that the sale was finally consummated by conveying the property to the Irondale Lead Company, and it was urged that such was not a sale to George J. Cole within the terms of the employment and the option. But it is clear the question was one for the jury. The mere fact that the deed is executed to a third party by the owners of the property is wholly immaterial on the right of the agent to recover his commissions on account of the sale, provided it appears that such was the manner the parties chose in effectuating the sale which the agent initiated under his employment. [See Goodson v. Embleton, 106 Mo. App. 77, 80 S. W. 22.] But the jury should be re-

quired to find that the sale eventually made to the Irondale Lead Company was a consummation of the negotiations originally initiated through the agency of plaintiff with George J. Cole.

It appears that George J. Cole organized the Irondale Lead Company shortly before the deed from defendants to it was executed. The capital stock of this corporation is one million dollars, divided into 10,000 shares. George J. Cole is one of its directors and the president of the company. He owned all of the preferred stock—that is, 2000 shares—and 7996 shares of the common stock. In other words, he owned all of the stock of the company save four shares of the common stock which were held by four other persons who together with him constituted the board of directors. From these facts and others in evidence, it was certainly competent for the jury to find that the sale made to the Irondale Lead Company, of which George J. Cole was president, was tantamount, under the terms of plaintiff's employment, to a sale to George J. Cole in person.

For plaintiff, the court instructed that a recovery might be had though it did not appear defendants were under a legal obligation as by an option contract to convey the land at the time the conveyance was executed, provided the land was conveyed to George J. Cole or a corporation at his instance in consummation of a sale originally initiated by plaintiff under his employment. The theory of this instruction is sound and in accord with what is said above, but defendants' instruction No. 1 appears to be in conflict with it when considered in view of the facts, or, at least, highly misleading. By defendants' instruction the jury were told that before plaintiff could recover they must find from the evidence that defendants' land was sold "and transferred to the said Irondale Lead Company, in pursuance of and under the renewal option from defendants to George J. Cole, and unless you so

believe and find from the evidence your verdict must
be for the defendants." The employment of the
words "in pursuance of and under the renewal
option" in the instruction suggests that, before plaintiff could recover, the renewal or second option to
which they refer must be found to have continued in
force up to the time of the conveyance and that the
right of recovery depended upon such fact. Obviously a sale made in pursuance of and under the
option implies that such option must be in force at the
time. Plaintiff's right of recovery did not depend
upon this fact, and the instruction is therefore so misleading as to be prejudicial to his rights. Because of
this, the judgment should be reversed and the cause
remanded. It is so ordered. *Reynolds, P. J.,* and
*Allen, J.,* concur.