## J. W. COFFMAN, Respondent v. DYAS REALTY COMPANY, Appellant.

### St. Louis Court of Appeals, July 16, 1913.

1. **REAL ESTATE BROKERS: Right to Commission.** In an action by a real estate broker against another broker for the agreed commission for procuring a customer who purchased land which the latter had for sale, proof that plaintiff was the first one to call the purchaser's attention to the land, that plaintiff described it to him and tried to persuade him to buy it, and that the latter went to see it within two weeks thereafter, and bought it through defendant, was sufficient, prima facie, to authorize the jury to infer that plaintiff was the procuring cause of the sale; and the fact that the purchaser testified that he was induced to purchase the land through defendant's advertisements would not preclude a recovery as a matter of law, since the credibility of the purchaser as a witness was a question for the jury.

2. **TRIAL PRACTICE: Questions for Jury: Undisputed Evidence.** Although testimony tending to prove a certain issue is uncontradicted, the question concerning it is for the jury, since the credibility of the witnesses and the weight and value to be according to their testimony are questions for the jury.

3. **REAL ESTATE BROKERS: Right to Commission.** In an action by a real estate broker against another broker for the agreed commission for procuring a customer who purchased land which the latter had for sale, the fact that plaintiff introduced the customer to defendant before the latter was authorized to sell the land would not preclude a recovery, where plaintiff put forth efforts to sell to the purchaser after defendant was so authorized and these efforts finally induced the purchase.

4. ————: ————: **Option.** The negotiation, by a real estate broker authorized to sell land, of an option to purchase the land does not entitle him to a commission.

5. ————: ————: ————. In an action by a real estate broker against another broker for the agreed commission for procuring a customer who purchased land which the latter had for sale, it was shown that plaintiff's customer took an option on the land, through defendant, and that, during the life of the option, the land was sold by defendant, for and on the account of plaintiff's customer, to another person, to whom the owner

made a deed, plaintiff's. customer being paid the difference between the price at which the land was optioned to him and the amount the grantee paid. *Held,* that the transaction was, in effect, a sale to plaintiff's customer and a resale by him to the grantee, and hence plaintiff was entitled to recover.

6. ————: ————: ————. Where a sale of the property is not. actually made, it is a condition precedent to a real estate broker's right to recover a commission that he show that he produced to the owner a person who was ready, willing and able to buy the property, but no such showing is necessary where a sale is actually made; and hence, where a broker's customer took an option on the property, and, during the life of the option, the property was sold to another, for and on the account of the customer, it was not essential to the broker's right of recovery that. he show that his customer was ready, willing and able to buy.

7. ————: ————: ————: Evidence: Admissions. In an action by a real estate broker against another broker for the agreed commission for procuring a customer who purchased land which the latter had for sale, where it was shown that plaintiff's customer took an option on the land, through defendant, and that, during the life of the option, the land was sold by defendant, for and on the account of plaintiff's customer, to another person, to whom the owner made a deed, plaintiff's customer being paid the difference between the price at which the land was optioned to him and the amount the grantee paid, a letter from defendant to the purchaser, from which it could be inferred that defendant recognized that plaintiff's customer had become the owner for the purpose of a resale, was relevant to the issues and was admissible in evidence.

8. INSTRUCTIONS: Refusal: Covered by Other Instructions. Where instructions given cover all phases of the defense, it is not error to refuse other instructions requested by defendant.

9. REAL ESTATE BROKERS: Right to Commission: Assisting in Sale. Where defendant, a real estate broker having farms for sale, told plaintiff to procure and send customers to it, agreeing to pay him half the commission if a purchaser was procured through his efforts, it was enough to entitle him to such division that he merely assisted defendant in making a sale, since, under the agreement, he did not assume the full duties of a real estate broker.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench,* Judge.

AFFIRMED.

*R. P. & C. B. Williams* for appellant.

(1)  The evidence offered by the plaintiff was insufficient to justify the submission of the case to the jury as. to the McMahon property. · Gould v. St. John, 207 Mo. 619; Sallee v. McMurry, 113 Mo. App. 264; Crain v. Miles, 134 S. W. 55.  (2)  There. was no evidence sufficient to warrant a submission of the case to the jury, that plaintiff, by any efforts or exertion on his part, induced a sale of the Schneider property to McClelland.  Sallee v. McMurry, 113 Mo. App. 264; Crain v. Miles, 134 S. W. 55; Gellatt v. Ridge, 117 Mo. 553; Tyler v. Parr, 52 Mo. 249. · (3)  The evidence is undisputed that plaintiff undertook to find a purchaser for the Schneider property, and it was this service that the defendant engaged him to perform.  It was, therefore, error for the court to instruct the jury that plaintiff was entitled to recover if he assisted in effecting the sale.  Russell v. Poor, 133 Mo. App. 723.  (4)  The evidence is undisputed that McClelland, the person alleged to have been furnished by plaintiff, simply offered to take an option on the property or to enter into a conditional contract of purchase, and this was not a compliance with plaintiff's undertaking.  Zeidler v. Walker, 41 Mo. App. 118; Hayden v. Grillo, 26 Mo. App. 292; Hayden v. Grillo, 35 Mo. App. 647; Mason v. Small, 130 Mo. App. 249; Yoder v. White, 75 Mo. App. 155; Chipley v. Leath, 60 Mo. App. 120; Lawrence v. Rhodes, 118 Ill. 96; Stegler v. Sergeant, 68 Atl. (N. J.) 1106; Brown v. Keegan, 32 Colo. 463; Runyan v. Brock, 57 N. J. Law, 120; Harrison v. Fisher, 82 Mich. 208; Fox v. Nargo, 32 Colo. 203; Walker on the Law of Real Estate Agents, sec. 85. (5)  The second count of the petition is bottomed upon a sale of the Schneider property to McClelland, or that McClelland was ready, willing and able to purchase the property.  It was, therefore, error for the court to admit evidence of the sale of that property by the defendant to Numes and the price at which

said sale was made. Hayden v. Grillo, 35 Mo. App. 647; Zeidler v. Walker, 41 Mo. App. 432; Hayden v. Grillo, 26 Mo. App. 223. (6) There was no evidence offered by plaintiff that McClelland was financially able to purchase the Schneider property, and the burden of proof as to this was on the plaintiff. Zeidler v. Walker, 41 Mo. App. 432; Hayden v. Grillo, 26 Mo. App. 223; Hayden v. Grillo, 35 Mo. App. 627. (7) Instruction No. 2 is clearly erroneous because it told the jury that plaintiff could recover if McClelland "conditionally purchased" the property. Hayden v. Grillo, 35 Mo. App. 223; Zeidler v. Walker, 41 Mo. App. 432; see also the authorities cited under point 4. (8) When the court gives two conflicting instructions upon the same point, one correctly and the other incorrectly declaring the law, it cannot be said by which the jury was guided, and this is sufficient to justify a new trial. Russell v. Poor, 133 Mo. App. 723; Shepard v. St. Louis, 189 Mo. App. 362; Ridpath v. Lawrence, 42 Mo. App. 102; Goodloe v. Railroad, 108 Mo. App. 479; Oil Co. v. Meyer, 74 Mo. App. 447; Timmermann v. Craddock, 70 Mo. App. 638. (9) The contract which plaintiff offered in evidence for the purchase of the Schneider property, shows that the purchaser was only to give $20,000, and there could be no commissions earned by the defendant, and plaintiff has no basis for recovery of any damages as to the second count.

*Abbott & Edwards* for respondent.

(1) The evidence offered by plaintiff was sufficient to justify the submission of the case to the jury as to the McMahon property. Lane v. Cunningham, 153 S. W. 525; Crone v. Trust Co., 85 Mo. App. 607; Goffe v. Gibson, 18 Mo. App. 1. (2) The petition alleges that McClelland deposited earnest money on the Schneider farm; that while said earnest money contract was in full force and effect, defendants sold the Schneider form for McClelland for $24,500; that

the force and effect of the transfer as set forth, was a consummation of said transaction on the part of McClelland as outlined in the earnest money agreement. Since the sale was consummated, plaintiff is entitled to his commission, and it is immaterial whether McClelland had an option or not, and immaterial whether or not he was ready, able and willing to purchase the property. He did purchase it. 19 Cyc. 253; Glade v. Mining Co., 129 Mo. App. 433. (3) Complaints made with reference to instruction No. 2 are not justified, because appellant fails to treat of the instruction as a whole. The instruction required the jury to find several facts in addition to assisting in inducing McClelland to make the trade, and also required the jury to find not only a conditional purchase, but also an actual consummation of same. (4) The evidence conclusively shows that McClelland paid $21,000 for the farm, of which $20,000 was the selling price to Schneider and $1000 was the profit to defendant.

NORTONI, J.—This is a suit by a real estate agent for his commissions accrued on account of two separate sales of property. Plaintiff recovered and defendant prosecutes the appeal.

Both plaintiff and defendant are engaged in the real estate business—that is, as agents in making sales of real property for other persons. Plaintiff maintains a real estate office in Springfield, Illinois, and induces prospective purchasers to come into Missouri to buy farms. Defendant is an incorporated real estate company in St. Louis, engaged in selling farms as agent for the owner.

The petition is in two counts. The first relates to the sale of property known as the McMahon farm in St. Charles county, Missouri, and the second to the sale of the Schneider farm in the same county. We will first review the arguments pertaining to the case

stated in the first count and thereafter consider the questions arising on the second count.

Touching the sale of the McMahon farm, declared upon in the first count, it is conceded that defendant employed plaintiff to solicit buyers and "talk up" the farm. For his services in this behalf, defendant agreed to divide commissions with plaintiff. Defendant's commissions on the sale were to be five per cent of the purchase price in event a sale was made. By defendant's agreement with plaintiff, he was to have two and one-half per cent of this sum, if a purchaser was procured through plaintiff's efforts. Plaintiff employed one R. E. McClelland, a real estate agent of Springfield, Illinois, to co-operate with him in selling the property, and it appears defendant was duly informed of this fact. The evidence for plaintiff tends to prove that his agent, McClelland, called upon one F. D. Nunes and solicited him to buy the McMahon farm. Nunes had recently sold his land near Springfield, Illinois, and was in the market to buy a farm. McClelland described the McMahon farm to Nunes, suggested the neighborhood of its location, and told Nunes that he would buy it if he saw it. He sought to induce Nunes to accompany him to look at the land immediately, but Nunes declined to do so. It is conceded that Nunes had never heard of the McMahon farm before McClelland called his attention to it and urged him to buy it. Two weeks later, Nunes visited St. Louis, called at defendant's office, and purchased the McMahon farm directly through it, for which he paid $30,000. It is true Nunes says in his testimony that, though McClelland talked to him about this farm and described it to him in a general way, he was not induced to buy it through the efforts of McClelland, who represented plaintiff in that behalf. Nunes says that, subsequent to his conversation with McClelland, he read defendant's advertisement describing the

farm in a Springfield paper and was thus induced to come to St. Louis and make the purchase.

It is argued that the court should have directed a verdict for defendant on this count, for the reason it does not sufficiently appear that plaintiff was the procuring cause of the sale to Nunes, but we are not so persuaded. It is conceded throughout the case that McClelland, who first called Nunes' attention to the farm, which he purchased two weeks later, was the agent of plaintiff and represented him in the interview with Nunes. It appears from the evidence of McClelland and another witness who was present, that he called Nunes' attention to the McMahon farm, described it, told him it was splendid corn and wheat land and that he was certain Nunes would buy it if he would but go and look at it. McClelland informed him, too, of the location of the land in a general way. But Nunes was not feeling well at the time and refused to accompany McClelland to look at the land. Nunes himself admitted on the witness stand that McClelland approached him and urged him to buy some farm in the locality mentioned, but says he did not know it was the McMahon farm. Nunes testified, too, that McClelland said "he would like to show me the land and he told me I would buy it if I seen it." It is true that Mr. Nunes further states that he was induced to visit St. Louis and make the purchase through an advertisement in the Springfield paper describing the farm; but be this as it may, this bit of evidence as well as the remainder given was for the jury. If plaintiff, through his agent, McClelland, interested Nunes in the land and he subsequently purchased it because of that fact, there can be no doubt that plaintiff's commission was earned and he is entitled to recover. It is conceded that plaintiff's agent, McClelland, first called the attention of Nunes to the farm, described it, and sought to persuade him to buy it. It is conceded, too, that Nunes came on from Springfield, Illinois, to

buy the farm so described to and urged upon him within two weeks thereafter. Obviously these facts are sufficient, prima facie, to authorize the jury to infer that plaintiff, through his agent, McClelland, was the procuring cause of the sale. The mere fact that Nunes stated he was first really interested and induced to purchase the land through the advertisement in a newspaper which subsequently came to his attention is in nowise conclusive on the question of the procuring cause of the sale. Of course, this evidence pertained rather to a state of mind of which no one save Nunes could speak. Because of this the witnesses for plaintiff were unable to directly dispute it. However that may be, the rule is well established that, though the evidence of a witness is uncontradicted, the question concerning it is still for the jury, as, under our law, the matter of the credibility of the witnesses and the weight and value to be accorded to the testimony are committed to that tribunal alone. [See Gannon v. Laclede Gas Light Co., 145 Mo. 502, 46 S. W. 968, 47 S. W. 907.]

The other argument advanced to the effect that the court should have directed a verdict for defendant on the first count has been recently discussed and determined adversely to defendant in the case of Lane v. Cunningham, 171 Mo. App. 17, 153 S. W. 525, to which reference is made. It is entirely clear that the question as to whether or not plaintiff was the procuring cause of the sale of the McMahon farm to Nunes was for the jury.

In the second count of the petition, plaintiff declares upon a sale of the Schneider farm in St. Charles county, Missouri, to Dr. McClelland, who took an option thereon through plaintiff's efforts and on whose account it was resold, during the existence of the option, to Nunes, for $21,000. It appears defendant was the agent of Schneider, the owner of the farm, and was authorized to sell it for $20,000. Under de-

fendant's arrangement with Schneider, it was to have as commissions on the sale all of the purchase money realized over and above $20,000, which amount was to go to Schneider for the farm. The evidence for plaintiff tends to prove that he introduced Dr. McClelland to an officer of the defendant real estate company early in December and first urged McClelland to buy the McMahon farm. At that time one Wilms was agent for the Schneider farm, but his contract with respect thereto expired on December 9. Some time thereafter, not at all clear, but, according to the evidence of plaintiff, about the middle of December, defendant became the agent for the sale of the Schneider farm. Plaintiff says about December 16 Dyas, one of the officers of defendant corporation, instructed him to find a buyer for the Schneider farm and agreed to divide commissions if a sale were made. While there is some conflict in the testimony as to when defendant became the agent for the sale of the Schneider farm, it is entirely clear that it was fully authorized to sell it at $20,000 and receive all above that as its commissions when the sale was finally made or the option given thereon to Dr. McClelland. According to the evidence for plaintiff, defendant urged him throughout the winter to find a buyer for the place, and he urged Dr. McClelland to take it. Finally, on March 10, Dr. McClelland sent defendant $500 earnest money on the place, to be forfeited if he did not raise the balance of the purchase price by the time the title papers were ready, and thus took an option thereon. A few days later, Dr. McClelland came to St. Louis and arranged with defendant to resell the place for him to another. On March 24, defendant sold the farm, on which Dr. McClelland had so taken the option, for and on account of McClelland, to Nunes for $24,500. The purchase price was thereupon paid to Schneider, and it appears that defendant and plaintiff's customer, Dr. McClelland, who had paid $500

earnest money and taken an option on the land, divided the profit over and above $21,000—that is, defendant took out its commissions and paid McClelland the balance. It is on this state of facts that plaintiff seeks to recover $500 as one-half of the commission due him on account of having induced Dr. McClelland to purchase the farm.

It is argued that, as plaintiff first introduced Dr. McClelland to Dyas, one of defendant's officers, about the first of December, and as Dyas at that time was not the agent for the Schneider farm, no recovery should be allowed. Obviously this argument is without merit, for, though Wilms was agent for the Schneider farm until December 9, it appears that defendant became the agent therefor soon afterwards. Plaintiff says defendant was the agent for this farm as early as December 16 and employed him to solicit a purchaser therefor. The mere fact that the formal introduction between Dyas and Dr. McClelland occurred before defendant became agent for the farm and while the McMahon farm was being considered is wholly immaterial, for the efforts which plaintiff put forward and those finally inducing the purchase by McClelland continued throughout the winter until March 10, when McClelland paid the earnest money thereon.

It is argued, too, that plaintiff is not entitled to recover, for the reason the sale was not made to Dr. McClelland, his customer, but that it appears McClelland did no more than take an option thereon. No one can doubt that the mere negotiation of an option does not amount in and of itself to a sale of the property, and it is true that if no more appeared than this no recovery should be allowed. [See Walker on Law of Real Estate Agency, sec. 85.] But though such be true, the proposition so stated is without influence here, for the reason it appears the sale was actually made on Dr. McClelland's account and in consumma-

tion of his contract. It is immaterial to the plaintiff's right to recover as to whom the deed is eventually made, provided it sufficiently appears that plaintiff was the procuring cause of the sale effected. [See Cole v. Crump, 174 Mo. App. 215, 156 S. W. 769; Goodson v. Embleton, 106 Mo. App. 77, 80 S. W. 22.] It abundantly appears that plaintiff's customer, Dr. McClelland, desired to purchase the Schneider farm as a result of being urged to do so by plaintiff and that he paid the $500 earnest money thereon on March 10. It is true this transaction amounted to no more than an option on the property, for it was agreed the amount should be forfeited if McClelland failed to pay the balance within the time specified. But while this option was in force and subsisting, McClelland called upon defendant and, assuming the relation of owner, authorized defendant to sell the land for him and on his account to another. While the option was yet valid and continued, defendant negotiated the sale to Nunes for $24,500 as on the account of Dr. McClelland, and after taking out, first, his commission of $1000— the difference between the $20,000 purchase price going to Schneider and the price at which the sale was to be made under the option to Dr. McClelland—defendant remitted to Dr. McClelland the remaining $3500, less its commission charged against him on that sale. Obviously such amounted to a consummation of the sale to McClelland, and this is true though he held an option only on the property at the time, for while the option continued in force, McClelland was certainly in control of the situation as owner at least for the purpose of a resale, and both he and defendant so treated the subject-matter.

Another argument is advanced to the effect that there is no evidence in the record tending to prove that Dr. McClelland was ready, able and willing to complete the purchase, and because of this, it is said, the court should have directed a verdict for defendant.

There can be no doubt that when a real estate agent sues for his commissions in those cases where it is averred that he fully performed all of the conditions of the contract on his part but the sale was not actually made for some reason, it devolves upon him to show that he produced a purchaser ready, able and willing to buy. [Hayden v. Grillo, 35 Mo. App. 647.] But manifestly this rule is unavailing on the facts in judgment, for here the sale was actually made to Nunes on McClelland's account, which is tantamount to a sale to McClelland. Where the sale is fully consummated and the purchase price is paid agreeable to the contract of agency or to the owner of the land, the matter of producing a purchaser ready, able and willing to buy is thereby concluded and no longer open to question. [Sidebotham v. Spengler, 154 Mo. App. 11, 133 S. W. 101; Weisels-Gerhart R. E. Co. v. Epstein, 157 Mo. App. 101, 137 S. W. 326.] There can be no doubt that plaintiff is entitled to recover identically as though the sale were made directly to Dr. McClelland, plaintiff's customer, for $21,000 and it is obvious defendant misconceives the theory of this count of the case.

To the end of showing that defendant, in reselling the land to Nunes, occupied the position of agent for Dr. McClelland and thereby recognized him as the owner in that transaction, plaintiff introduced a letter from defendant to Nunes concerning the matter. It is urged this was error, for the reason correspondence between defendant and a third party is immaterial to the issue, but we are not so persuaded, for such letter gave rise to a strong inference to the effect that defendant recognized that Dr. McClelland, though holding an option only, had become the owner of the land for the purposes of the resale, which ownership, of course, inured to plaintiff's benefit in the circumstances of the case. The letter was highly material.

Bank v. Evans.

The instructions given at the instance of plaintiff are criticized, but they hypothesized the facts properly and authorized a recovery in accordance with the rules of law above stated, and what has been said will suffice on that score. Those given for defendant presented all phases of the defense, and there was no error in refusing the others requested by defendant.

The criticism that the instruction authorized a recovery if plaintiff "assisted" defendant in making the sale is without merit, for here plaintiff did not assume the full duties of a real estate agent in the premises. It appears that both defendant and plaintiff were engaged in the same business of selling farms for others. Defendant said it had the farms for sale and instructed plaintiff to procure the customers and send to St. Louis to purchase them. On this statement an agreement to divide commissions was made. Obviously plaintiff performed his full duty in the premises in merely assisting defendant to make the sale, provided it sufficiently appears that he was the procuring cause of that result in a given instance. It is entirely clear that such appears to be the fact on the record before us, and it is equally clear that the judgment should be affirmed. It is so ordered. *Reynolds, P. J.*, and *Allen, J.*, concur.