## CHARLES E. COLE, Appellant, v. JAMES MARLER et al., Respondents.

### St. Louis Court of Appeals, May 6, 1913.

**REAL ESTATE BROKERS: Right to Commission: Instructions.**
In an action by a real estate broker for a commission for ef-
fecting the sale of land, there was evidence tending to show
that plaintiff was employed to sell the land to a third person
who had an option to purchase it at $60 per acre; that the
option was twice renewed by defendant, the last renewal
stipulating that the price should be $65 per acre; that, prior
to the expiration of the last renewal, the land was sold to a
corporation organized by the third person, plaintiff's evidence
being, that the price was $60 per acre, while defendant's evi-
dence was, that the price was $65 per acre. The court in-
structed, at the instance of defendant, that before plaintiff
could recover, the jury must find that the land was sold in
pursuance of and under the renewal option. *Held,* that the
instruction was erroneous for denying a recovery if the jury
found that the sale was for $60 per acre; plaintiff being en-
titled to recover if he was the procuring cause of the sale,
regardless of whether or not the sale was made under and in
pursuance of the renewal option.

Appeal from Washington Circuit Court.—*Hon. E. M. Dearing,* Judge.

REVERSED AND REMANDED.

*Edward T. Eversole* for appellant.

*S. G. Nipper* and *H. B. Irwin* for respondents.

NORTONI, J.—This is a suit by a real estate agent for his commissions. The finding and judgment were for defendants and plaintiff prosecutes the appeal.

Defendants owned 120 acres of land which they desired to sell, and plaintiff was engaged in blocking parcels of mineral land together and selling it for mining purposes to those engaged in such business.

It appears that defendants employed plaintiff by a written contract to sell their lands to one George J. Cole, who was engaged in the mining business in St. Francois county. By the terms of the contract of employment, defendants agreed to pay plaintiff five per cent on the purchase price, which, according to an option executed concurrently therewith, was to be sixty dollars per acre. The written contract by which plaintiff was employed is as follows:

"We, the undersigned, hereby agree to pay Charles Cole the sum of five per cent on the purchase price of our land this day optioned to George J. Cole, on condition that the sale is made to the said Cole.

"(Signed.)

"JAMES MARLER,

"DELILLIA MARLER."

On the same day and concurrently with the execution of this writing, defendants executed an option in writing on their lands to George J. Cole and delivered it to plaintiff, along with his contract of employment, whereby they agreed in consideration of one

dollar, to convey the land therein described to George J. Cole, in consideration of sixty dollars per acre, at any time to suit his convenience, within sixty-five days from that date.

Plaintiff interested George J. Cole, the proposed purchaser, in the land and the evidence tends to prove that he persuaded him to purchase the same but not immediately. Before the same was consummated the option expired and defendants executed a new one to George J. Cole, whereby they agreed to convey the land to him any time within one year after its date for the price and on the terms thereinbefore mentioned. The sale was not consummated under this option and the time limit therein was allowed to expire, but the option was renewed by the execution of a new one on the part of defendants to George J. Cole, whereby the time was further extended and the price fixed at sixty-five dollars per acre. The negotiations were pending about two years under the original and two subsequent options on the land, but on the day the last, or third, option expired, defendants executed a general warranty deed, conveying the identical land described in all of the options to a corporation, the Irondale Lead Company, which it appears, was organized by George J. Cole to take the title thereto, and for such conveyance received the purchase price of either sixty dollars or sixty-five dollars per acre.

For other and additional facts and our views of the law touching them, see the companion case of Cole v. Crump, 174 Mo. App. 215, 156 S. W. 769, decided today. The two cases involve like contracts of employment and arise out of similar transactions had by plaintiff with the different defendants on the same date. Like options were given in each instance and this case is different from that cited only in that the option here was renewed twice, whereas in the former but one renewal appears. Furthermore, the sale of

174 Mo. App.—15

the land here involved made to the Irondale Lead Company was consummated on the day the third op-tion between defendants and George J. Cole expired, while in the former the sale was completed four months after the second, or last, option expired.

The evidence for plaintiff tends to prove that defendants finally sold the land in accordance with the third option given to Cole, except the price was sixty dollars per acre; while that of defendants tends to prove that they sold it for sixty-five dollars per acre.

For defendants the court gave the following instruction:

"The court instructs the jury that before you can find for the plaintiff in this case, you must believe and find from the testimony that the real estate mentioned in the plaintiff's petition and described in the deed from defendants to the Irondale Lead Company was sold and transferred to the said Irondale Lead Company, in pursuance of and under the renewal option from defendants to George J. Cole, and unless you so believe and find from the evidence, your verdict must be for the defendants."

By this instruction the jury were directed that plaintiff was not entitled to recover unless the land was transferred by defendants to the Irondale Lead Company in pursuance of and under the renewal option from defendants to George J. Cole. The third, or renewal, option referred to exacted a price of sixty-five dollars per acre for the land, whereas plaintiff was entitled to recover upon a finding of facts in accord with the law as stated in the opinion in the companion case referred to—that is, that he was the procuring cause of the sale and that it was made at sixty dollars per acre, the price authorized to him, or in furtherance of his efforts, if made at sixty-five dollars per acre as defendants insist. By making plaintiff's right of recovery depend upon the fact that the sale was effected in pursuance of and under the renewal

option which stipulated sixty-five dollars per acre, the court precluded his right of compensation on a sale at sixty dollars per acre, which, according to the evidence introduced by him was the actual price given for the land. In this case there can be no doubt that the sale was made in a measure in pursuance of the third, or renewal, option, for the conveyance of the land was had before that option finally expired. However that may be, plaintiff was entitled to recover if the sale was effected through his agency—that is, by his initiation and defendants' continuing the transaction—at sixty dollars per acre, and it is certain that such a sale, if made, was neither in pursuance of nor under the renewal option. Therefore, the instruction is erroneous in so far as it makes the right of recovery depend entirely upon the consummation of the sale being perfected in pursuance of and under the renewal option which stipulated the price at sixty-five dollars per acre.

For the reasons stated, the judgment should be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.