## JESSE L. SPRAGUE, Appellant, v. WILLIAM J. SEEVER, Respondent.

St. Louis Court of Appeals, November 3, 1914.

REAL ESTATE BROKERS: Right to Commission: Procuring Cause. In an action by a real estate broker for a commission for procuring an exchange of real estate, it was shown that, during the time plaintiff had an exclusive agency to effect an exchange of defendant's farm for other property, he introduced defendant to the owner of city property, for the purpose of effecting an exchange, but that defendant refused to consider the proposal because the city property was valued too high by

plaintiff's customer, and all negotiations were terminated; that plaintiff's agency expired in a short time thereafter, and, several months later, another broker effected an exchange between defendant and the owner of the city property, who had improved it to a large extent. *Held*, that plaintiff was not entitled to recover, since the first negotiations were terminated and the exchange finally made was not a continuation of them, and plaintiff, therefore, was not the procuring cause of the trade.

Appeal from St. Louis City Circuit Court.—*Hon. William M. Kinsey*, Judge.

AFFIRMED.

*Wilson & Trueblood* and *Jos. Barton* for appellant.

Where real estate has been placed in the hands of an agent for sale and a sale is brought about by his exertions, he is entitled to compensation, even though the principal has conducted the final transfer personally, or through another agent, at a lower price and on different terms than the first agent was authorized to make, he being the procuring cause. Holland v. Vinson, 124 Mo. App. 421; Sidebotham v. Spengler, 154 Mo. 15; Wright v. Brown, 68 Mo. App. 577; Stine v. Blesch, 42 Mo. App. 578; McCormack v. Henderson, 100 Mo. App. 647; Bassford v. West, 124 Mo. App. 248; Gerhart v. Marjorie, 144 Mo. App. 620; Bell v. Kaiser, 50 Mo. 150; Grether v. Carmack, 79 Mo. App. 638; Timmermann v. Craddock, 70 Mo. 638; Wetzel v. Weidner, 41 Mo. App. 509; Henderson v. Mace, 64 Mo. App. 393; Millan v. Porter, 31 Mo. App. 563; Crone v. Trust Co., 85 Mo. App. 601; Fisher v. Realty Co., 159 Mo. 562; Hogan v. Slade, 98 Mo. App. 44; Cuniff v. Houseman, 97 Mo. App. 461; Hamilton v. Davidson, 168 Mo. App. 620.

*Schnurmacher & Rassieur* for respondent.

' (1) An agent is not entitled to compensation or a commission merely because he has introduced his client, the vendor, to one who subsequently becomes the purchaser. In order to earn his compensation, there must be more. There must be evidence that the agent was the inducing and procuring cause of the sale, and not merely a link in a chain of causes. Gamble v. Grether, 108 Mo. App. 340; Stevens v. Bacher, 162 Mo. App. 284. (2) The introduction of a prospective purchaser by an agent probably always creates some impression, which may continue, even though the agent's efforts fail; but this, of itself, will not entitle the agent to a commission, though the person so introduced subsequently becomes the actual purchaser. Nor does an owner, by placing his property in the hands of an agent for a limited time, deal, after the lapse of such time, with the prospective buyer to whom he was introduced, at the peril of having to pay the commission should he by himself or through other agents, effect a disposition of his property. Dillard v. Field, 168 Mo. App. 206; Crain v. Miles, 154 Mo. App. 338; Mead v. Arnold, 131 Mo. App. 214; Gamble v. Grether, 108 Mo. App. 340; Stevens v. Bacher, 162 Mo. App. 284.

NORTONI, J.—This is a suit by a real estate agent for commissions on an alleged sale. At the conclusion of plaintiff's evidence, the court directed a verdict for defendant, and plaintiff prosecutes the appeal.

It appears that defendant owned a farm which he desired to sell or exchange for other property, and employed plaintiff, a real estate agent in St. Louis, to that end. The contract of agency was reduced to writing and commenced on the twenty-ninth day of April, 1909, but terminated on June 2, 1910. During this period plaintiff was appointed the sole agent of defendant

for the sale or exchange of the farm, and the commission agreed upon was five per cent of the purchase price. Plaintiff advertised the farm in a number of papers, and about May 15, 1910, procured a prospective purchaser therefor in the person of one Brooks, who desired to exchange city property situate at the northeast corner of Morgan and Sarah streets, St. Louis, for it. Plaintiff valued his farm of 654 acres at $50 per acre and such was the price at which plaintiff was authorized to sell or exchange it—that is, $32,700. Brooks valued his property, situate at the northeast corner of Morgan and Sarah streets, St. Louis, at about twenty-eight or thirty thousand dollars.

It appears plaintiff introduced Brooks to defendant as a prospective purchaser, willing to exchange his city property for the farm, and the parties went out and looked over the city property about May 15, 1910, while plaintiff's agency contract was still in force. Upon looking over the property, defendant declined to consider the exchange at all, for the reason it was valued too high by the owner. At this time some conversation was had between the parties as to how the property could be improved and made more valuable, and Brooks made suggestions to defendant how he could improve it by the expenditure of a few thousand dollars thereon. However, no proposition was made toward an exchange of the property between the parties, as plaintiff himself testifies, except as they then stood. The interview between the parties amounted to no more than an introduction, a looking over of Brooks' property by defendant and a flat refusal on his part to accept it in exchange for his farm, and, thereupon, all negotiations touching the matter terminated and the parties went their way. About two weeks thereafter, June 2, plaintiff's contract of agency expired, and a few days later defendant issued a circular letter to all of the real estate agents in St. Louis,

185MoApp21

including plaintiff, to the effect that he desired to sell
his farm and would pay five per cent commission to any
agent effecting the sale.  Some time during the fall
months thereafter, another agent took up the matter
and brought about an exchange of properties between
defendant and Brooks, whereby defendant exchanged
his farm to Brooks for the identical property that
plaintiff had brought to his attention about the middle
of May before.  But, though the property was the
same, the transaction appears affirmatively in the evi-
dence to have been an entirely different one, in that
Brooks expended about five or six thousand dollars on
his property at Sarah and Morgan streets in improv-
ing it before offering it for trade the second time.

It is argued the court erred in instructing a ver-
dict for defendant, for though plaintiff's contract of
agency expired long prior to the initiation of the trans-
action on the part of the other agent which resulted in
the exchange of properties, the evidence tended to
prove that plaintiff was the procuring cause of the
sale.  But we are not so persuaded.  It is very true
plaintiff introduced Brooks, the owner of the property
at Sarah and Morgan streets, to defendant about May
15, when his contract of agency was yet in force and
before it expired on June 2.  But the only proposition
submitted pertained to an exchange of the city prop-
erty for the farm, and defendant rejected it forthwith.
Nothing whatever was done toward submitting another
or further proposition with respect to the exchange of
properties, and Brooks did not even suggest the im-
provement of his property at his expense so that it
might be acceptable to defendant.  The transaction is
not one of a sale, whereby the owner subsequently
reduced his price, but it was merely an offer to trade
city property of less value for the farm, and the offer
was promptly rejected.  It appears that all parties
then dropped the matter and no further efforts were
put forward concerning it, either on the part of plain-

tiff or Brooks or defendant. It was treated as a mere ineffectual attempt to exchange properties which could not be brought about because the relative value of defendant's farm exceeded by far that of Brooks' city property. In other words, the offer to purchase the farm was inadequate in point of price and did not conform to the contract of agency, which was to sell for $32,700.

There can be no doubt of the proposition relied upon by plaintiff, to the effect that if a real estate broker, through his exertions in introducing a purchaser to the owner during the time of his contract of agency, thus becomes the procuring cause of a sale of the land, such agent is entitled to his commission, though the final negotiations are conducted without his knowledge by the principal directly with the purchaser. The courts frequently affirm and act upon this principle, as appears by reference to Sidebotham v. Spengler, 154 Mo. App. 11, 133 S. W. 101. But it appears to be without appropriate application here, for obviously the subsequent exchange of properties between defendant and Brooks was in nowise a continuation of the proposal initiated by plaintiff, for that transaction was consummated through abandoning it entirely because of the disparity in value of the properties. It was a mere proposal to exchange as the property then stood, and, according to the evidence, it in nowise interested defendant or induced him to further consider it. This much appears affirmatively in plaintiff's evidence, for he so states the fact to be. Subsequently, after plaintiff's contract expired, defendant issued a circular letter, as above stated, to a number of real estate agents and among them plaintiff. In the meantime Brooks had expended five or six thousand dollars in improving his property and thus enhanced its value to that extent. Thereafter, another real estate agent, acting upon defendant's circular letter, interested defendant in the same property thus enhanced in value

and which therefore appears to be an entirely different proposition. The case is, therefore, one where one broker, during the term of his agency, submits a proposition which is wholly insufficient and inadequate, in that it fails to meet the price at which he is authorized to sell, and is rejected for that reason, and subsequently the sale is made by another broker to the same person, who has concluded, after the agency of the first broker has expired, to pay the price demanded. This being true, it is obvious that plaintiff was not the procuring cause of the sale subsequently made, because the transaction is in nowise the same as that initiated in the first instance, for it was consummated through being flatly rejected and put aside when made on the fifteenth day of May. The subsequent sale to the same purchaser, made some months thereafter, at a new and advanced price of five or six thousand dollars by way of improvements added to the property of Brooks, is a separate and distinct transaction from that initiated by plaintiff and long since concluded, in that the procuring cause was the added value and an improved property in the hands of another agent who submitted a new proposal entirely. This court has had occasion to review like cases heretofore, and declared, on similar facts, that it was proper for the court to direct as a matter of law that the real estate broker was not the procuring cause of the sale. [See Gamble v. Grether, 108 Mo. App. 340, 83 S. W. 306.]

The court did not err in directing a verdict for defendant, and the judgment should be affirmed. It is so ordered. *Allen, J.,* concurs. *Reynolds, P. J.,* concurs in the result.